IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PUMA BIOTECHNOLOGY, INC.                    )
and WYETH LLC,                              )
                                            )
              Plaintiffs,                   )
                                            )
       v.                                   )    C.A. No. 21-1338 (MFK)
                                            )
ASTRAZENECA PHARMACEUTICALS LP              )
and ASTRAZENECA AB,                         )
                                            )
              Defendants.                   )

**SCHEDULING ORDER FOR PATENT CASES**
**IN WHICH INFRINGEMENT IS ALLEGED**

This ___ day of **February, 2022,** the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration:

IT IS ORDERED that:

1.      Relevant Deadlines and Dates. All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

2.      Rule 26(a)(1) Initial Disclosures. On or before **February 28, 2022**, the parties shall make their initial disclosures required by Federal Rule of Civil Procedure 26(a)(1).

3.      Disclosure of Asserted Claims and Infringement Contentions. On or before **March 18, 2022**, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."  Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a)     Each claim of each asserted patent that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b)     Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c)     A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

(d)     For each claim alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

(e)     Whether each limitation of each asserted claim is alleged to be present literally or under the doctrine of equivalents in the Accused Instrumentality;

(f)     For any patent that claims priority to an earlier application, the priority date to which each asserted claim is alleged to be entitled;

(g)      If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own or its licensee's apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

(h)      The timing of the point of first infringement, the start of claimed damages, and the end of claimed damages; and

(i)      If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

4.      <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>. With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement shall produce to each opposing party or make available for inspection and copying:

(a)      Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, or any public use of, the claimed invention prior to the date of application for the asserted patent(s);

(b)      All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the asserted patent(s) or the priority date identified pursuant to paragraph 3(f) of this Order, whichever is earlier;

(c)      A copy of the file history for each asserted patent;

(d)      All documents evidencing ownership of the patent rights by the party asserting patent infringement;

(e)      If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

(f)      All agreements, including licenses, transferring an interest in any asserted patent;

(g)      All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(h)      All agreements that otherwise may be used to support the party asserting infringement's damages case;

(i)      If a party identifies instrumentalities pursuant to paragraph 3(g) of this Order, documents sufficient to show marking of such embodying accused instrumentalities; and if the party wants to preserve the right to recover lost profits based on such products, the sales, revenues, costs, and profits of such embodying accused instrumentalities; and

(j)      All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s). The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph. A party's production of a document as required by this paragraph shall

not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102.

5.    <u>Invalidity Contentions</u>. On or before **April 29, 2022**, each party opposing a claim of patent infringement shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a)    The identity of each item of prior art that the party alleges anticipates each asserted claim or renders the claim obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, author and publisher. Each alleged sale or public use shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. For pre-AIA claims, prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. For pre-AIA claims, prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b)    Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c)     A chart identifying specifically where and how in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d)     Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(b), or lack of enablement or insufficient written description under 35 U.S.C. § 112(a) of any of the asserted claims.

6.     <u>Document Production Accompanying Invalidity Contentions</u>. With the "Invalidity Contentions," the party opposing a claim of patent infringement shall produce or make available for inspection and copying:

(a)     Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality identified by the patent claimant in its chart produced pursuant to paragraph 3(c) of this Order;

(b)     A copy or sample of the prior art identified pursuant to paragraph 5(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon shall be produced;

(c)     All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

(d)     Documents sufficient to show the sales, revenue, cost, and profits for Accused Instrumentalities identified pursuant to paragraph 3(b) of this Order for any period of alleged infringement; and

(e)     All agreements that may be used to support the damages case of the party that is denying infringement. The producing party shall separately identify by production number the documents that correspond to each category set forth in this paragraph.

7.     <u>Amendment to Contentions</u>. Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions. The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

8.     <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, without the leave of court shall be filed on or before

**<u>Plaintiffs' Position</u>**: November 29, 2022.

The parties have agreed that fact discovery will close on March 17, 2023.  Defendants propose only one month prior—February 17, 2023—as the deadline to join other parties or amend pleadings.  Defendants' proposal does not provide sufficient time to complete discovery regarding any amended pleadings or joinder of parties.  At the parties' Rule 26(f) conference, Defendants asserted that this date should not be set before substantial completion of document production.  Plaintiffs have therefore proposed November 29, 2022, which is almost three weeks after the date for substantial completion

of document production (November 10, 2022) while also allowing sufficient time to complete discovery regarding the amended pleadings.

**Defendants' Position**: February 17, 2023.

The deadline to join parties and amend or supplement the pleadings should be set after a time during discovery that allows the parties to more fully understand what claims and defenses are available. In particular, the deadline should be set after completion of document production and at a time when the parties have been afforded the opportunity to review and analyze such production and conduct additional discovery related to it.

Plaintiffs' proposed date of November 29, 2022 does not permit sufficient time for this discovery. Plaintiffs' proposal is only 2.5 weeks after the deadline for substantial completion of document production and the Thanksgiving holiday falls within those 2.5 weeks. Defendants' proposal of February 17, 2023, in contrast, balances the parties' ability to conduct discovery in advance of the deadline and permits time for follow-up discovery relating to any issues introduced by joinder or amendment in advance of the close of fact discovery on March 24, 2023.

9.    Discovery.

(a)    Discovery Cut Off. All discovery in this case shall be initiated so that it will be completed on or before **March 24, 2023**.

(b)    Document Production. Document production shall be completed on or before **November 10, 2022**.

(c)    Requests for Admission. A maximum of **N/A (no limit)** requests for admission are permitted for each side.

(d)   <u>Interrogatories</u>. A maximum of **25** interrogatories, including contention interrogatories, are permitted for each side.   The parties may seek additional interrogatories through agreement or permission from the Court.

(e)   <u>Depositions</u>.

**<u>Plaintiffs' Position</u>:**

(1)   <u>Limitation on Hours for Deposition Discovery</u>.

Each side is limited to a total of **85** hours of taking testimony by deposition upon oral examination, including inventor depositions.  The parties may seek additional hours for taking testimony by deposition through agreement or permission from the Court.

Plaintiffs assert that this time—over twelve, seven-hour deposition days—is more than adequate.  It is not unusual for a patent to have several inventors, and discovery from multiple inventors and the parties' other witnesses is routinely accomplished with the 10 depositions (70 hours) permitted by the Federal Rules.

Defendants' proposal would limit each side to only 70 hours of deposition time, which seems equitable, but then they would exclude from their total any time that they spend deposing the 7 inventors of the asserted patents. .  The end result is that Defendants' proposal would give them at least 119 hours of deposition time (70 hours for non-inventors plus 49 hours for the inventors), while Plaintiffs are limited to only 70 hours total.  Defendants' assertion that this case merits separate additional deposition time for their side only simply because they have alleged defenses of invalidity is

baseless and contradicts the District of Delaware practices and how discovery proceeds in most patent cases. None of the active District of Delaware judges provide for a separate allocation of inventor deposition time in their form scheduling orders.

There is no just reason for Defendants to have so much more deposition time. Both sides need to take discovery from multiple parties—Plaintiffs, for instance, will need to take depositions of one or more persons from AstraZeneca Pharmaceutical LP, AstraZeneca AB, and AstraZeneca PLC (which is subject to discovery in this case). *See* Stipulation and Order Dismissing Without Prejudice Counterclaim Defendant AstraZeneca PLC, D.I. 20. Plaintiffs also expect to take the depositions of multiple inventors listed on Defendants' patents relating to its Tagrisso® product that is the subject of Plaintiffs' allegations of infringement.

Plaintiffs' proposal is that each side would have 85 hours of deposition time, or 12 depositions. That should be more than enough time to address discovery regarding each sides' claims and defenses. If it turns out that Defendants actually need more time, Plaintiffs will consider such a request in good faith, and the Court can resolve any disputes at that time in light of a more complete record, including disclosure of Defendants' invalidity theories as set forth in their invalidity contentions.

**Defendants' Position**:

(1) Limitation on Hours for Deposition Discovery. Each side is limited to a total of **70** hours of taking testimony by deposition upon oral

examination.  The parties may seek additional hours for taking testimony by deposition through agreement or permission from the Court.

(2) <u>Limitation on Hours for Inventor Deposition Discovery.</u> Defendants' depositions of inventors named on any asserted patent shall not count against this limit.

There are seven named inventors on the asserted patents in this case, and none are employees of Plaintiffs Puma or Wyeth.  Therefore, the time Defendants spend deposing the named inventors should be excluded from the time limit for depositions.  Plaintiffs' proposal of a limit of 85 hours of deposition testimony, including named inventors, is not sufficient to account for depositions of six inventors (one of the named inventors is currently an AstraZeneca employee) in addition to the depositions that Defendants will need of Plaintiffs Puma and Wyeth, and Pfizer, which is subject to discovery in this case. *See* Stipulation and Order Dismissing Without Prejudice Counterclaim Defendant Pfizer, D.I. 21. Moreover, because it appears that six of the seven named inventors were employees of a third party—Massachusetts General Hospital—at the time of the alleged invention, it is likely that inventor discovery will not substantially overlap with Plaintiffs' discovery.  It is typical, in cases such as these where there are many named inventors, to allow the Defendant(s) additional time for depositions.  *See OpenPrint LLC v. OKI Data Americas, Inc.*, No. 17-cv-1075-GMS, D.I. 19 at 2–3 (D. Del. May 21, 2018) (ordered May 24, 2018) (excluding the named inventors on the asserted patents from

the limitation on hours for deposition discovery); *3G Licensing S.A. v. Blackberry Ltd.*, No. 17-83-LPS, D.I. 40 at 10–11 (D. Del. Aug. 28, 2017) (including a separate field for inventor testimony that did not count against the overall limit on hours).

In addition to discovery from the inventors, Plaintiffs anticipate the need for substantial discovery from Puma, Wyeth, and Pfizer to support its claims and defenses in this case. Plaintiffs are alleging that Defendants' breakthrough non-small cell lung cancer (NSCLC) treatment, Tagrisso®, infringes the asserted patents. Plaintiffs are claiming both damages and seeking an injunction. Defendants anticipate the need for discovery, including depositions, concerning Plaintiffs' infringement and damages theories, in support of Defendants' invalidity defenses, and relating to Defendants' unenforceability defense of patent misuse. With respect to invalidity, discovery of Puma, Wyeth, and Pfizer will be especially important. It appears that each of Puma, Wyeth, and Pfizer have attempted to develop preferred embodiments disclosed in the specification, but each of those attempts has failed. Discovery relating to those failed compounds is relevant to at least Defendants' invalidity defenses pursuant to 35 U.S.C. § 112.

Defendants' proposal reasonably accounts for the needs of the case. The proposed 70 hour limit, excluding depositions of inventors, would provide Defendants with a reasonable amount of time to conduct depositions of Puma, Wyeth, Pfizer, and their respective employees

without forcing Defendants to choose between deposing the parties to the case or the named inventors. The proposed 70 hour limit also fairly provides Plaintiffs with a sufficient amount of time for depositions of Defendants. Indeed, Plaintiffs have not suggested a need for more time. Moreover, it is efficient for Defendants to raise its request for additional deposition discovery now when the parties are proposing a scheduling order rather than at a later stage in the proceedings thereby "eliminating the need for special motions." *See* Notes of Advisory Committee on Rules for the 1993 Amendment (encouraging the parties to give "consideration . . . as to enlargements . . . in the number of depositions" at the time of scheduling, thereby "eliminating the need for special motions"). To the extent that Plaintiffs suggest the number of deposition hours for inventors is not appropriately capped, Defendants note that Federal Rule of Civil Procedure Rule 30(d) limits depositions to one day of seven hours, absent agreement or court order.

**<u>Joint Position:</u>**

(#) <u>Limitation on Hours for Expert Deposition Discovery.</u> Depositions of experts, including depositions of claim construction experts, shall not count against this limit.

(#) <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this

general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

10.     <u>Pinpoint Citations</u>. Pinpoint citations are required in all briefing, letters, and concise statements of facts. The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel,* 927 F.2d 955, 956 ("Judges are not like pigs, hunting for truffles buried in briefs.").

11.     <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court on or before **February 28, 2022**.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

12.     <u>Disputes Relating to Discovery Matters and Protective Orders</u>. The parties shall follow Judge Kennelly's procedures regarding discovery motions for discovery disputes and disputes regarding the protective order.  Specifically, as set forth in Judge Kennelly's web page, the Court will set a briefing schedule only rarely, and will instead address such motions at an

upcoming status hearing or separately set it for a hearing, at which all parties should be fully prepared to argue the motion. If a briefing schedule is set on a discovery motion, it typically will be expedited so that the motion can be resolved promptly.

13.    <u>Papers Filed Under Seal</u>. When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

14.    <u>Hard Copies</u>. The parties shall follow Judge Kennelly's practices regarding courtesy copies.

15.    <u>Claim Construction Issue Identification</u>. On or before **June 28, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On or before **July 12, 2022**, the parties shall exchange their proposed claim construction of the term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging these documents, the parties will meet and confer to prepare a Joint Claim Construction Chart no later than **July 22, 2022** and subsequently file the Joint Claim Construction Chart no later than **July 29, 2022**. The text for the Joint Claim Construction Chart shall be 12-point and in Times New Roman or a similar typeface. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart.

The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

16.     _Claim Construction Briefing_. The Plaintiff shall serve, but not file, its opening brief, not to exceed 5,500 words, on   **September 2, 2022**. The Defendants shall serve, but not file, its answering brief, not to exceed 8,250 words, on **October 7, 2022**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 5,500 words, on **October 28, 2022**. The Defendants shall serve, but not file, its sur-reply brief, not to exceed 2,750 words, on **November 18, 2022**.  The text for each brief shall be 12-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than **December 2, 2022**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

### JOINT CLAIM CONSTRUCTION BRIEF

I.     Agreed-upon Constructions

II.     Disputed Constructions

    A.     [TERM 1]

        1.     Plaintiffs Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiff's Reply Position
        4.     Defendant's Sur-Reply Position

    B.     [TERM 2]

        1.     Plaintiff's Opening Position
        2.     Defendant's Answering Position
        3.     Plaintiffs Reply Position

4.    Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix. Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief. Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1584 (Fed. Cir. 1996). Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph. The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 10 and 14 of this Order.

17.    Meet and Confer Confirmation and Amended Claim Chart. On or before **December 9, 2022**, local and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute. During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms. The parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted. If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state and the parties need not file an Amended Joint Claim Construction Chart.

18.    Hearing on Claim Construction. Beginning at ___ _.m. on _____**[week of January 16, 2023]**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than the date on

17

which answering claim construction briefs are due to be served), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

19.    <u>Advice of Counsel</u>.

Defendant shall disclose its intent to rely on advice of counsel offered in defense to a charge of willful infringement **seven (7) days** after the Court's claim construction ruling.  Upon disclosing its intent to rely on the advice of counsel, Defendants shall produce or make available for inspection and copying any written advice and documents related thereto for which attorney-client and work product protection have been waived.  This provision shall not be construed to address whether additional materials are subject to discovery or within the scope of any waiver of the attorney-client privilege.  Fact discovery relating to advice of counsel shall end no earlier than 30 days after the Court's claim construction ruling.

20.    <u>Disclosure of Expert Testimony</u>.

(a)    <u>Expert Reports</u>. For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 19, 2023**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 30, 2023**. Reply expert reports from the party with the initial burden of proof are due on or before **August 11, 2023**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **September 22, 2023**.

(b)    <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than **November 17, 2023**, unless otherwise ordered by the Court.  Likewise, oppositions to such motions shall be made by **December 15, 2023**, and replies by **January 19, 2024**, unless otherwise ordered by the Court.

21.     <u>Case Dispositive Motions</u>.

(a)     <u>No Early Motions Without Leave</u>. All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before **November 17, 2023**. No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.

**<u>Plaintiffs' Position</u>**: Opposition and reply dates TBD.

Plaintiffs believe that setting ensuing dates, for answering and reply briefs on dispositive motions, is better left for later in the case once the issues are better known.

**<u>Defendants' Position</u>**: Oppositions to case dispositive motions shall be served and filed on or before **December 15, 2023** and any replies thereto shall be served and filed on or before **January 19, 2024**.

A briefing schedule for dispositive motions should be set in the Court's scheduling order as is typical for Delaware scheduling orders.  More specifically, dispositive motions and *Daubert* motions are often briefed according to the same schedule.  *See* Chief Judge Connolly's form scheduling order at ¶¶ 19(b), 20. Dispositive motions have the potential to narrow the scope of issues that require resolution at trial and may even resolve the proceedings completely without any need for trial.

19

Here, the parties' claims and counterclaims will be submitted to a jury. Defendants' anticipate that a number of issues may be amenable to resolution through dispositive motions streamlining what, if any, issues need to be tried to the jury. Defendants therefore request, consistent with typical Delaware practice, that the scheduling order set a briefing scheduling that permits the parties sufficient time to complete the briefing and allows the Court sufficient time to fully consider and resolve all dispositive motions and *Daubert* motions in advance of trial. Doing so efficiently uses both the Court's and the parties' resources.

(b)     <u>Motions to be Filed Separately</u>. A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(c)     <u>Concise Statement of Facts Requirement</u>. Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1] A party must submit a separate concise statement of facts for each summary judgment motion. Any party who opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

(d)     <u>Focus of the Concise Statement</u>. When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for

---

[1]     The party must detail each material fact in its concise statement of facts. The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of the material fact. Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful). The concise statement shall particularly identify the page and portion of the page of the document referenced. The document referred to shall have relevant portions highlighted or otherwise emphasized. The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context. If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript. If an entire miniscript is submitted, the index of terms appearing in the transcript must be included, if it exists. When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit. Concise statements of fact shall comply with paragraphs 10 and 14 of this Order.

      (e)   <u>Word Limits for Concise Statement</u>. The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words. The text for each statement shall be 12-point and in Times New Roman or a similar typeface. Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(f)     <u>Affidavits and Declarations</u>. Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(g)     <u>Scope of Judicial Review</u>. When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties. Further, the Court shall have no independent duty to review exhibits in their entirety, but rather will review only those portions of the exhibits specifically identified in the concise statements. Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

22.     <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

23.     <u>Pretrial Conference</u>. On **April 30, 2024**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at ____ _.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. ET on **April 9, 2024**. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order. The joint pretrial order shall comply with paragraphs 10 and 14 of this Order.

24.     <u>Motions *in Limine*</u>. Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. Each *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported

22

by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 10 and 14 of this Order.

25.     Compendium of Cases. A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 14 of this Order.

26.     Jury Instructions, Voir Dire and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules of the District of Delaware 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. ET on **April 9, 2024** [21 days before the Pretrial Conference].

27.     Trial. Trial will be scheduled on or after May 13, 2024, depending in the Court's schedule.

**<u>Plaintiffs' Position</u>**:  This matter will be scheduled for a **5**-day **jury** trial beginning at 8:30 a.m. ET on or after **May 13, 2024**, with the subsequent trial days beginning at 9:00 a.m. ET. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. ET.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

**<u>Defendants' Position</u>**:  The parties request the opportunity to assess the length of trial once the parties are closer to trial.

It is too early in the proceedings to determine the scope of issues that will require resolution at trial.  Defendants request the opportunity to assess the appropriate length of trial at a later stage in the proceedings.

28.    <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
The Honorable Matthew F. Kennelly
United States District Court Judge

**Puma/Wyeth v. AstraZeneca (21-cv-1338-MFK)**
**Exhibit A to Scheduling Order**

| EVENT | JOINT PROPOSED DATE | PLAINTIFFS' PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|---|
| Parties to file Proposed Scheduling Order | February 15, 2022 | | |
| Parties to serve Rule 26(a)(1) initial disclosures | February 28, 2022 | | |
| Parties to file stipulation for entry of Protective Order / ESI order | February 28, 2022 | | |
| Initial ESI Disclosures pursuant to Delaware's Default Standard | March 18, 2022 | | |
| Plaintiffs to serve "Disclosure of Asserted Claims and Infringement Contentions" and to produce "Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions" (see Scheduling Order, ¶¶ 3–4) | March 18, 2022 | | |
| Telephonic status hearing | April 14, 2022 at 8:45 a.m. CST | | |
| Defendants to serve "Invalidity Contentions" and to produce "Document Production Accompanying Invalidity Contentions" (see Scheduling Order, ¶¶ 5–6) | April 29, 2022 | | |

| EVENT | JOINT PROPOSED DATE | PLAINTIFFS' PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|---|
| Defendant to disclose intent to rely on advice of counsel defense | 7 days after entry of the Court's claim construction ruling | | |
| Parties to exchange claim terms for construction | June 28, 2022 | | |
| Parties to exchange proposed constructions | July 12, 2022 | | |
| Parties meet and confer to prepare Joint Claim Construction Chart | July 22, 2022 | | |
| Parties to file Joint Claim Construction Chart | July 29, 2022 | | |
| Plaintiffs to serve opening claim construction brief | September 2, 2022 | | |
| Defendants to serve answering claim construction brief | October 7, 2022 | | |
| Parties to submit joint request for live testimony at claim construction hearing | October 7, 2022 | | |
| Plaintiffs to serve reply claim construction brief | October 28, 2022 | | |
| Substantial completion of document production | November 10, 2022 | | |
| Defendants to serve sur-reply claim construction brief | November 18, 2022 | | |
| Deadline for motions to join other parties or amend / supplement pleadings | | November 29, 2022 | February 17, 2023 |
| Parties to file joint claim construction brief | December 2, 2022 | | |

| EVENT | JOINT PROPOSED DATE | PLAINTIFFS' PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|---|
| Meet and Confer Confirmation and Amended Claim Chart | December 9, 2022 | | |
| Claim construction hearing | Week of Jan. 16, 2023 | | |
| Fact discovery closes | March 24, 2023 | | |
| Parties to serve opening expert reports by party with initial burden of proof | May 19, 2023 | | |
| Parties to serve rebuttal expert reports | June 30, 2023 | | |
| Parties to serve reply expert reports | August 11, 2023 | | |
| Expert discovery closes | September 22, 2023 | | |
| Parties to file any case dispositive motions and any *Daubert* motions | November 17, 2023 | | |
| Parties to file answering briefs for *Daubert* motions | December 15, 2023 | | |
| Parties to file answering briefs for dispositive motions | | TBD | December 15, 2023 |
| Parties to file reply briefs for *Daubert* motions | January 19, 2024 | | |
| Parties to file reply briefs for dispositive motions | | TBD | January 19, 2024 |
| Parties to file joint proposed final pretrial order | April 9, 2024 | | |
| Parties to file proposed voir dire, preliminary jury instructions, final jury instructions, and special verdict forms | April 9, 2024 | | |
| Final Pre-Trial Conference | April 30, 2024 | | |

| EVENT | JOINT PROPOSED DATE | PLAINTIFFS' PROPOSED DATE | DEFENDANTS' PROPOSED DATE |
|---|---|---|---|
| Trial | On or after May 13, 2024 | | |