IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, | ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 21-1338 (MFK) |
| v. | ) ) | |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) | |
| Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

The Parties in the above-captioned action (the "Action"), hereby stipulate to the entry of the following Stipulated Protective Order (the "Order"):

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure, and from use for any purpose other than prosecuting and defending the Action, may be warranted. The Parties anticipate that such confidential, proprietary and/or private information will include, among other things, proprietary pharmaceutical formulations and compositions; research, development, and other nonpublic elements of pharmaceutical companies' clinical programs; information concerning business operations, practices, and competitive strategies; confidential work and communications surrounding patent applications and patent prosecutions; and market analyses and competitive business intelligence.

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use

extends only to the limited information or items that are entitled to confidential treatment under applicable law.

2.  **<u>DEFINITIONS</u>**

2.1  <u>Challenging Party</u>:  a Party that challenges the designation of information or items under this Order.

2.2  <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.3  <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL."

2.4  <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

2.5  <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or consultant in the Action.

2.6  <u>Final Disposition</u>:  the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) entry of final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

2.7  <u>In-House Counsel</u>:  attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8 "HIGHLY CONFIDENTIAL" Information or Items:  any non-public technical, research, development, regulatory, operational, commercial, non-public personal, financial, marketing, strategic planning information, pricing and cost data, or any other competitive information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under the Federal Rules of Civil Procedure or other applicable law or is required to be kept Confidential by law or by agreement with a third party or otherwise.

2.9 Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10 Outside Counsel of Record:  attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.11 Party:  any party to this Action, including as stipulated by D.I. 20 and D.I. 21 in this Action, and including all of its officers, directors, and employees.  For the avoidance of doubt, Pfizer Inc. and AstraZeneca PLC are bound by this Order.  *See* D.I. 20, D.I. 21 (Dec. 13, 2021).  For further avoidance of doubt, as stipulated by D.I. 20 (Dec. 13, 2021), "documents, witnesses, and information in the possession, custody, or control of AstraZeneca PLC, including electronically-stored documents and information, to the extent they exist, are in AstraZeneca LP's and AstraZeneca AB's possession, custody, or control for purposes of discovery in this action only. . . ."  As stipulated by D.I. 21 (Dec. 13, 2021), "documents, witnesses, and

information in the possession, custody, or control of Pfizer Inc., including electronically-stored documents and information, to the extent they exist, are in Wyeth LLC's possession, custody or control for purposes of discovery in this action only. . . ."

2.12    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "HIGHLY CONFIDENTIAL."

2.15    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.16    <u>Redacted Information</u>:  any portions of documents produced by a Party that contain confidential or commercially sensitive information that is outside the scope of discovery set forth in Federal Rule of Civil Procedure 26(b)(1) may be redacted, including, but not limited to, portions of documents that concern, regard, or relate to products not the subject of the Action or proprietary names for products in development.  Such Redacted Information may be challenged by the Receiving Party pursuant to Section 6.

2.17    <u>Computation of Time</u>:  the computation of any period of time prescribed or allowed by this Protective Order shall be governed by the provisions for computing time set

4

forth in Federal Rule of Civil Procedure 6 and the District of Delaware Revised Administrative Procedures Governing Filing and Service by Electronic Means Procedure (F). Nothing in this Order prevents the Parties from agreeing to modification or extension of time periods provided herein.

2.18    <u>Patents-in-Suit</u>: United States Patent Nos. 10,603,314 and 10,596,162, collectively.

2.19    <u>Related Patents and Applications</u>: whether or not abandoned and whether or not issued, (a) any patent or patent application that claims priority to any Patents-in-Suit, (b) any patent or patent application that claims priority from any patent or patent application on which any Patents-in-Suit claims priority, (c) any patent or patent application on which any Patents-in-Suit depend for priority, (d) any patent or patent application identified in the Related U.S. Application Data for the Patents-in-Suit, (e) any patent or patent application that claims priority from any patent or patent application identified in the Related U.S. Application Data for the Patents-in-Suit, (f) any reissue or reexamination of any of the aforementioned patents or patent applications, and (g) any foreign counterpart patent or foreign counterpart application of any of the aforementioned patents or patent applications (a foreign counterpart patent and foreign counterpart application shall include any foreign patent or foreign patent application in which a claim for priority has been made in either a U.S. application or a foreign application based on the other, or that the disclosures of the U.S. and foreign patent applications are substantively identical).

3.    **<u>SCOPE OF PROTECTIVE ORDER</u>**

The protections conferred by this Order cover Protected Material produced in discovery in the Action as well as (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4.    **DURATION**

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party otherwise agrees in writing or a court order otherwise directs.  This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under this Order.

5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5.3    Designation in conformity with this Order requires:

5.3.1    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that

the Producing Party affix the legend "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "HIGHLY CONFIDENTIAL" to each document or page of a document that contains Protected Material.

5.3.2   For testimony given in deposition or in other pretrial proceedings, that all deposition testimony or testimony during other pretrial proceedings shall be treated as "HIGHLY CONFIDENTIAL" for a period of thirty (30) calendar days from the date of receipt by Outside Counsel of Record of a final transcript during which a Designating Party may identify the specific portions of testimony as to which protection is sought.  At the expiration of that 30-day period, only those portions that are specifically identified will qualify for protection under this Order.  Alternatively, during that 30-day period, a Designating Party may, if appropriate, designate the entire transcript as "HIGHLY CONFIDENTIAL."  Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript

also shall be treated during the 30-day period as if it had been designated "HIGHLY CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL."

5.3.3   For information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4   Inadvertent Failures to Designate. Unintentional or inadvertent failure to designate any information as "HIGHLY CONFIDENTIAL" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent failure to designate promptly after the Producing Party discovers such unintentional or inadvertent failure to designate. In the event of an unintentional or inadvertent failure to designate any information, arrangements shall be made for the return to the Producing Party, or the destruction or deletion of, all copies of the unintentionally or inadvertently undesignated information and for the substitution, where appropriate, of properly-labeled copies. The Receiving Party shall not be in violation of this Order for any use of the unintentionally or

inadvertently designated Disclosure or Discovery Material made before receipt of notice of the improper designation from the Producing Party.

6.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Timing of Challenges.    A Receiving Party must challenge a designation of confidentiality within a reasonable period of time after the Receiving Party becomes aware of the designation.

6.2    Meet and Confer.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Parties shall attempt to resolve each challenge in good faith and must meet and confer within seven (7) calendar days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation within seven (7) calendar days of the Parties' meet and confer.

6.3    Judicial Intervention With Respect to Confidentiality Designations.  If the challenge cannot be resolved through the meet and confer process, the Challenging Party disputing the designation may apply to the Court for a ruling that a document (or category of documents) designated as Protected Material by the Designating Party is not entitled to the specified level of protection within fourteen (14) calendar

days of the Designating Party's response described in paragraph 6.2 above. The Parties understand and agree that disputes regarding confidentiality designations shall proceed in accordance with this Court's procedures for Discovery Matters and Disputes Relating to Protective Orders as set forth in Section 12 of the Scheduling Order (D.I. 30). The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge. Failure to challenge a Designation does not constitute an admission by any party that the Protected Material contains trade secret or confidential information.

6.4     Challenges to Redacted Information may be made pursuant to the procedures and timing outlined in paragraphs 6.1 to 6.3.

7.     **<u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle the Action. For the avoidance of doubt, no Protected Material may be used for any other purpose, including, but not limited to, prosecution of patents or patent applications, including the prosecution of any claims in any reissue, interference, reexamination, *inter partes* review, reexamination, or any contested proceeding in the U.S. Patent & Trademark Office or any foreign patent office. Commencing as of the date a person receives Protected

Material from another Party, and continuing for two years following Final Disposition, no person may work on or participate in the drafting or editing of any claims, claim amendments, or patent applications (foreign or domestic) in connection with the Patents-in-Suit or Related Patents and Applications, except that a person who has received Protected Material may participate in drafting and editing claim amendments in post-grant review proceedings (foreign or domestic) that were initiated by an entity other than any Plaintiff or any affiliate of a Plaintiff, Pfizer, Inc. or any of its affiliates, and/or any patent owner or any affiliate of a patent owner. The provisions herein do not otherwise prohibit participation or representation in post-grant review proceedings except as expressly provided herein. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 14, "Final Disposition," below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

7.2.1 The Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

7.2.2   In-House Counsel of the Receiving Party or its affiliates may designate up to three (3) attorneys, to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A, that have been designated to receive such information or items ("Designated In-House Counsel") and as to whom the Designating Party does not object to disclosure within fourteen (14) calendar days of receipt of such Acknowledgement and Agreement to Be Bound, provided that no disclosure of Protected Material shall be made to the Designated In-House Counsel until either the fourteen (14) day period above runs or any timely written objection to the Designated In-House Counsel is either resolved or ruled upon by the District Judge.  For the avoidance of doubt, the paralegal, secretarial and/or support personnel of Designated In-House Counsel, to whom it is reasonably necessary to disclose the information for purposes of the Action, may access any information or item designated "HIGHLY CONFIDENTIAL."  Parties may, as necessary when a previously identified Designated In-House Counsel changes positions or leaves employment with a Party, and on a one-for-one basis, identify a substitute Designated In-House Counsel meeting the criteria above, provided that the Party provides the other Parties seven (7) calendar days written notice prior to said substitution;

7.2.3   Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), as well as any support staff working

under the supervision of Experts of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action, provided that:

(a)    Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party may disclose information or items that have been designated "HIGHLY CONFIDENTIAL" to an Expert only if that Party first makes a written request to the Designating Party that (i) sets forth the full name of the Expert and the city and state of his or her primary residence, (ii) attaches a copy of the Expert's current resume, (iii) identifies the Expert's current employer(s), and (iv) identifies the matter and party for whom the Expert has testified, identifying whether the expert testified at deposition, hearing, and/or trial, at any time during the preceding four years;

(b)    A Party that makes a request and provides the information specified in the preceding paragraphs may disclose the subject Protected Material to the identified Expert after seven (7) calendar days of making the request and providing the required information unless, within the seven (7) calendar day period, the Party receives a written objection from the Designating Party setting forth the grounds on which the objection is based;

(c)    A Party that receives a timely written objection must meet and confer with the Designating Party (either in person or by telephone) to try to resolve the matter by agreement within seven (7) calendar

days of the written objection.  The foregoing seven (7) calendar day period may be extended by agreement of the parties.  If the dispute is not resolved during the meet and confer, the Designating Party may seek relief from the Court within fourteen (14) calendar days of the meet and confer.  While any challenge pursuant to this paragraph is pending, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge;

7.2.4   The Court and its personnel;

7.2.5   Court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7.2.6   The author or recipient of a document containing the information, or who has in good faith been alleged to have received or reviewed such material for purposes other than the Action; and

7.2.7   Anyone else the Court so orders.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as "HIGHLY

CONFIDENTIAL" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

In particular, if a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "HIGHLY CONFIDENTIAL" that Party must:  (1) promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order; (2) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and (3) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    **APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES**

    9.1    Order Applicable to Non-Parties.    The terms of this Order are applicable to information produced by Non-Parties in the Action and designated as "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

9.2 <u>Service of Order With Non-Party Discovery Request.</u>  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9.3 <u>Request to a Party Seeking Non-Party Confidential Information.</u>  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (2) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (3) make the information requested available for inspection by the Non-Party.  If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information.  If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10. **<u>FILING OF PROTECTED MATERIAL</u>**

In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the

Court in this Action, the Party must file the Protected Material in any such pleading or document under seal in accordance with the Local Rules of Civil Procedure for the United States District Court for the District of Delaware.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material or, if retrieval is not feasible, secure reasonably satisfactory proof that the Protected Material was destroyed by the unauthorized person, and provide such proof to the Designating Party, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12. **PRODUCTION OF PRIVILEGED MATERIAL**

12.1    No Waiver by Inadvertent Disclosure.  In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work-product doctrine, other privilege or immunity, or that the Receiving Party should reasonably have known contained privileged information and was inadvertently produced, the Receiving Party shall, as soon as possible but not later than within seven (7) calendar days of receipt of a written request by the Producing Party, return the original to the Producing Party (or at the option of the Receiving Party destroy the original with written verification provided to Outside Counsel for the Producing Party), destroy or delete all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote the document, and delete any copy of

17

the document, or any portion thereof, from any word processing or database tape or disk it maintains and provide written verification of destruction. Upon receiving notice of inadvertent production, the Receiving Party shall not make any use of such document or thing or disseminate the same in any way. The unintentional or inadvertent production of privileged, work-product-protected or otherwise immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work-product-protection or immunity, either as to the produced document or as to any other documents or communications embracing the same or similar subject matter, provided that the Producing Party notifies the Receiving Party in writing of such unintentional or inadvertent production promptly after the Producing Party discovers such unintentional or inadvertent production. Return of a document for which the Producing Party has asserted a claim of privilege, work-product-protection or immunity under this paragraph shall be without prejudice to the Receiving Party's right to seek an order from the Court directing production of the document on the ground that the claimed privilege, work-product-protection or immunity is invalid, inapplicable or waived, provided, however, that any motion or other application for such order shall not rely upon in any manner or assert as a ground the fact or circumstances of the unintentional or inadvertent production, nor shall it disclose the substance of the inadvertently produced material except to the extent that an *in camera* inspection of the materials is requested.

12.2    <u>Contesting Claim of Privilege or Work Product Protection.</u>  If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within seven (7) calendar days of receipt of the notice of

disclosure—initiate the dispute resolution process by providing written notice to the Producing Party.  The Parties shall attempt to resolve the dispute in good faith and must meet and confer within fourteen (14) calendar days of the Receiving Party's notice that it is contesting the claim of privilege.  If the dispute cannot be resolved, the Receiving Party disputing the claim of privilege may move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion") within fourteen (14) calendar days of the meet and confer. The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the facts or circumstances of the inadvertent disclosure. Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

12.3    <u>Burden of Proving Privilege or Work-Product Protection.</u>  The Producing Party retains the burden—upon challenge pursuant to paragraph 12.2—of establishing the privileged or protected nature of the Inadvertently Disclosed Information.

12.4    <u>Voluntary and Subject Matter Waiver.</u>  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

12.5    <u>Review.</u>  Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information ("ESI")

or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12.6 <u>Rule 502(b)(2).</u>  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Inadvertently Disclosed Information under this Order.

13. **<u>MISCELLANEOUS</u>**

13.1 <u>Right to Further Relief and Modification by the Court</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

13.2 <u>Right to Assert Other Objections</u>.  No Party waives, through entry of this Order, any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3 <u>Right of a Party to Use Its Own Documents.</u>  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

13.4 <u>Right of a Party to Use Independently Obtained Documents.</u>  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Action.

13.5 <u>Redacted Information</u>.  Nothing in this Order shall limit a Party from removing Redacted Information from documents prior to production, subject to further Order

from the Court regarding production of Redacted Information for good cause shown.

14.    **<u>FINAL DISPOSITION</u>**

Within sixty (60) calendar days after the Final Disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Rodger D. Smith II
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Steven N. Geise
Anthony M. Insogna
Meredith A. Stewart
JONES DAY
4655 Executive Drive, Suite 1500
San Diego, CA 92121-3134
(858) 314-1200

Gasper J. LaRosa
Lisamarie LoGiudice
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939

Jason G. Winchester
JONES DAY
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692
(312) 782-3939

SHAW KELLER LLP

/s/ Karen E. Keller
Karen E. Keller (#4489)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com

*Attorneys for Defendants AstraZeneca
Pharmaceuticals LP and AstraZeneca AB*

OF COUNSEL:

Christopher Sipes
Einar Stole
Megan Keane
Ashley Winkler
Jason Reinecke
Melissa Keech
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Shehla Wynne*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
(212) 326-3939
*Admitted in New York; not admitted in
District of Columbia; practice limited to
cases in federal court and agencies

Attorneys for Puma Biotechnology, Inc.

Sara T. Horton
WILKIE FARR & GALLAGHER LLP
300 North LaSalle Drive
Chicago, IL 60654-3406
(312) 728-9040

Attorneys for Wyeth LLC

March 8, 2022

**APPROVED AND SO ORDERED** this ___ day of _____, 2022.

_____
THE HONORABLE JUDGE MATTHEW F. KENNELLY

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

I, _____, of _____

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by visiting Judge Kennelly of the United States District Court for

the District of Delaware in the matter of *Puma Biotechnology, Inc. v. AstraZeneca Pharm. LP*,

C.A. No. 21-1338-MFK.  I agree to comply with and to be bound by all terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____