IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 21-1338-MFK ) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) |
| Defendants. | ) ) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC. | ) ) ) |
| Counterclaim-Defendants. | ) ) |

**SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OF NO PRE-ISSUANCE DAMAGES**

OF COUNSEL:
Christopher N. Sipes
Einar Stole
Megan P. Keane
Ashley Winkler
Jason Reinecke
Melissa Keech
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Dated: June 22, 2022

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca AB*

Pursuant to the Court's June 15, 2022 Order, D.I. 56, Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca AB (collectively, "AstraZeneca" or "Defendants") hereby supplement their Opening Brief in Support of Dismissing Pre-Issuance Damages to address the rationale for addressing the motion now, rather than in November 2023, at the time previously-set for summary judgment motions (D.I. 30).  AstraZeneca respectfully submits that resolving the pending motion now will advance the just and efficient resolution of the case, potentially facilitate the parties' discussions, and conserve judicial resources.

The pending motion substantially narrows the time frame for damages, the range of fact and expert discovery, and the issues to be resolved at claim construction.  Deciding the motion now will avoid the need for burdensome fact and expert discovery regarding the parties' knowledge of the published patent application and the parties' financial information from 2015 to 2020 as well as extensive third-party discovery regarding any health care providers alleged to have directly infringed the asserted claims.  Deciding the motion now would also avoid extensive motions practice arising from these discovery issues.

Furthermore, based on Plaintiffs' Complaint and infringement contentions, Plaintiffs' claim for pre-issuance damages presents a narrow question of law that can and should be decided now.  Section 154(d) does not allow for pre-issuance damages for indirect infringement, nor can Plaintiffs possibly satisfy the requirement of section 154(d) that the asserted claims be "substantially identical" to the published claims since the relevant claims were indisputably narrowed during prosecution.  Thus, it is appropriate to decide on this narrow issue of law at this early stage of the case.  *See, e.g.*, *Waters Techs. Corp. v. Aurora SFC Sys., Inc.*, C. A. No. 11-708-RGA, 2017 WL 3598648, at *3 (D. Del. Aug. 21, 2017); *Jilip LLC v. Stratospheric Indus. Inc.*, No. 14-61798, 2016 WL 3944080, at *3 (S.D. Fla. May 11, 2016).

First, it should be beyond dispute that Defendants' motion meaningfully narrows the time frame for damages at issue in this case. The two patents asserted by Plaintiffs issued in March 2020. If Plaintiffs are limited to seeking only post-issuance damages, the damage period to be tried in is just a few years at most. By contrast, Plaintiffs have in their contentions sought pre-issuance royalties extending back to November 2015, when the accused product was first approved. This four-and-a-half year pre-issuance period is substantially longer, perhaps one-and-a-half to twice as long, as the post-issuance period.[1]

Second, Plaintiffs' claim for pre-issuance damages would necessitate complex and burdensome fact and expert discovery Defendants' motion would avoid. For example, if Plaintiffs' claim for pre-issuance damages remains in the case, fact discovery will be required to determine whether and when Defendants had actual notice of the relevant patent applications and their claims. *See, e.g., Rosebud LMS Inc. v. Adobe Sys. Inc.*, 812 F.3d 1070, 1075 (Fed. Cir. 2016) (discussing actual notice requirement of section 154(d)). The sole published patent application identified in Plaintiffs' complaint, WO 2006/084058 (D.I. 1, ¶¶ 43, 54, 64), published in 2006, more than 15 years ago, and so, discovery concerning AstraZeneca's knowledge will be burdensome and intrusive and likely involve the deposition of witnesses from years ago, some of whom may no longer be employed by AstraZeneca and thus be third-parties to the dispute.

Plaintiffs' claim for pre-issuance damages would also implicate extensive fact discovery regarding the parties' financial information during the 2015–2020 time period, such as sales data, market research, and internal projections. This discovery is further complicated by the fact that Plaintiffs are asserting indirect infringement of method of

---

[1] This Court need not decide now the cut-off for damages to be tried, since even if that period were to extend through the close of fact discovery in March 2023, it would be only three years from patent-issuance, substantially shorter than the four-and-a-half pre-issuance period sought by Plaintiffs. Although Plaintiffs raised the issue of a running royalty at the hearing, that issue does not change the time frame for or the relative burden of discovery.

treatment claims, for which they must show direct infringement by health care providers that was actively induced by AstraZeneca's actions. During this time, the approved labeling and uses of the accused Tagrisso® product changed, expanding the scope of discovery and the complicating apportionment of damages. And here too, because the pre-issuance period extends back to 2015, the need for discovery from third parties will likely increase.

Third, Plaintiffs' claim for pre-issuance damages complicates and hampers the claim construction process. In order to pursue pre-issuance damages, Plaintiffs must show that the claims asserted in this case are "substantially identical" to those in the earlier published patent application. *See* 35 U.S.C. § 154(d)(2). As Plaintiffs' counsel indicated on the June 15, 2022 Status Conference, Plaintiffs believe claim construction is necessary to resolve this question. This requires the parties to identify and brief, and the Court to resolve, the proper construction not just of the terms in the asserted claims, but also the terms in any of the claims of the published application that Plaintiffs assert are substantially identical (Plaintiffs have identified no such claims to date). Not only will this increase the burden on the parties and the Court, it will also potentially impair the parties' ability to properly brief claim construction, as the current word limits for briefing set forth in the Scheduling Order (D.I. 30, ¶ 16) were set before Plaintiffs' asserted a claim for pre-issuance damages.

Judgment of no pre-issuance damages now, when fact discovery remains in its early stages, would thus significantly narrow the scope of the case, eliminate the need for voluminous, sensitive, and challenging damages-related discovery concerning the almost 15-year publication period and 5-year pre-issuance damage period, and avoid the necessity of construing the terms of the claims of the 2006 published application. Defendants filed their motion as a motion on the pleadings because Plaintiffs did not adequately plead a claim for pre-issuance damages and it appears clear from Plaintiffs' own Complaint that their claim for pre-issuance damages is legally barred by the terms of the statute, such that fact discovery

3

and claim construction relating to that claim will prove wholly unnecessary. Plaintiffs do not allege any acts of direct infringement by AstraZeneca, and section 154(d)(1) does not provide for pre-issuance damages for acts of indirect infringement. D.I. 51 at 9–10. Nor can Plaintiffs meet the requirement of section 154(d)(2) that the claims asserted in this action be "substantially identical" to those in the published application, since the asserted claims here were indisputably narrowed by amendment to be limited to treating a particular type of cancer (non-small cell lung cancer) by administering a particular type of composition (a unit dosage) in a particular way (daily doses). D.I. 51 at 15–16. Although claim construction may be necessary where the claims are ambiguous or unclear, courts have not hesitated to dismiss claims under the doctrine of intervening rights under section 252—which, like section 154(d)(2), requires that the asserted post-grant claims be "substantially identical" to the original claims, *see* D.I. 51 at 14—at the pleadings stage where, as here, the change in claim scope from the published application is clear. *See, e.g.*, *Waters Techs. Corp. v. Aurora SFC Sys., Inc.*, C. A. No. 11-708-RGA, 2017 WL 3598648, at *3 (D. Del. Aug. 21, 2017) (finding it "not plausible that a substantive limitation was not added to the Amended Claims" and granting motion to dismiss because the court was "not persuaded that claim construction or discovery would make a difference"); *Jilip LLC v. Stratospheric Indus. Inc.*, No. 14-61798, 2016 WL 3944080, at *3 (S.D. Fla. May 11, 2016) (granting motion to dismiss where the scope of the patent claims were impermissibly narrowed during reexamination: the narrowing was "clear and unambiguous" and "the Court sees little value in further delaying the action for additional legal and factual inquiry").

## **CONCLUSION**

Accordingly, Plaintiffs' motion may be appropriately decided at this stage in the case, before fact discovery and claim construction, and doing so would advance the just and efficient resolution of the matter by avoiding the unnecessary burden on the Court of pre-

issuance damages discovery and unnecessary claim construction, the motion should be decided now, and not at the time set for case-dispositive summary judgment motions.

|  |  |
|---|---|
| OF COUNSEL:<br>Christopher N. Sipes<br>Einar Stole<br>Megan P. Keane<br>Ashley Winkler<br>Jason Reinecke<br>Melissa Keech<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br><br>Dated: June 22, 2022 | /s/ Andrew E. Russell<br>Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>Emily S. DiBenedetto (No. 6779)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>edibenedetto@shawkeller.com<br>*Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca AB* |

5