

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0704
arussell@shawkeller.com

March 30, 2023

**BY CM/ECF**
The Honorable Matthew F. Kennelly
United States District Court
 for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

      Re**:**    *Puma Biotechnology, Inc. & Wyeth LLC v. AstraZeneca Pharmaceuticals LP & AstraZeneca AB*, C.A. No. 21-1338-MFK (D. Del.)

Dear Judge Kennelly,

      In light of the Court's claim construction order and request for a status report, we write on behalf of Defendants in the above-referenced action to request that the Court stay the deadline for Defendants to disclose their intent to rely on an advice of counsel defense ("Paragraph 19 Deadline"). D.I. 30, ¶ 19. Although other scheduling issues may be addressed through the parties' joint status we report on April 7, we request the Court's attention with respect to the Paragraph 19 Deadline in advance of that report because the Paragraph 19 Deadline is currently set for April 5. D.I. 30, ¶ 19 (setting the Paragraph 19 Deadline seven days after the Court's claim construction ruling).

      Defendants request that the Court stay the deadline for Defendants to disclose their intent to rely on an advice of counsel defense—a defense to a claim of willful infringement—until the Court can consider whether Plaintiffs have raised a claim for willful infringement in their infringement contentions as required by the scheduling order. D.I. 30, ¶¶ 3(i), 19. Paragraph 3(i) of the scheduling order requires Plaintiffs to disclose the basis for any willful infringement allegation. Plaintiffs simply did not do so. Their contentions contain no reference to a willful infringement claim. Plaintiffs, however, have taken the position that their disclosure is sufficient in support of their recent motion to compel. *See* D.I. 102-1 at 9. The parties' positions as to Plaintiffs' waiver of a willful infringement claim are more fully addressed in the briefing related to that motion and are not reiterated here. *See id.*; D.I. 119 at 6–7.

      Good cause exists for Defendants' request. Defendants would be significantly prejudiced if the deadline to disclose an advice of counsel defense is not stayed pending resolution of the parties' dispute. Without clarity as to whether Plaintiffs maintained a willful infringement claim, Defendants risk unnecessarily waiving the attorney client privilege associated with an advice of counsel defense that is moot (if the Court agrees with Defendants) or risk waiving the right to rely on such a defense if such defense is not disclosed by April 5 (in the event the Court agrees with Plaintiffs).

SHAW KELLER LLP
Page 2

      Plaintiffs would suffer no harm from Defendants' requested stay. The issue of whether Plaintiffs have maintained a claim of willful infringement will be addressed by the Court in short order, either in connection with Plaintiffs' pending motion or at the parties' next status conference. Even if the Court were to find that willful infringement remains in the case and Defendants subsequently disclose an advice of counsel defense, Plaintiffs cannot claim any harm because Defendants propose that the deadline for fact discovery relating to advice of counsel be stayed a commensurate amount of time in parallel to Defendants' disclosure deadline. *See* D.I. 30, ¶ 19 (providing that fact discovery relating to advice of counsel shall end no earlier than 30 days after the Court's claim construction ruling).

      Before filing this request, counsel for all parties conferred and Plaintiffs' counsel stated that Plaintiffs oppose Defendants' request to stay the deadline. We appreciate the Court's consideration.

      Respectfully submitted,

      */s/ Andrew E. Russell*

      Andrew E. Russell (No. 5382)

cc:    Clerk of Court (by CM/ECF)
       All Counsel of Record (by CM/ECF & Email)