

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0704
arussell@shawkeller.com

April 3, 2023

**BY CM/ECF**
The Honorable Matthew F. Kennelly
United States District Court
  for the Northern District of Illinois
219 South Dearborn Street
Chicago, IL 60604

      Re**:**   *Puma Biotechnology, Inc. & Wyeth LLC v. AstraZeneca Pharmaceuticals LP & AstraZeneca AB*, C.A. No. 21-1338-MFK (D. Del.)

Dear Judge Kennelly,

      We write in advance of the teleconference scheduled for Tuesday, April 4, to provide a brief reply to Plaintiffs' letter filed on March 31.

      Plaintiffs do not meaningfully dispute that their infringement contentions fail to clearly disclose a willfulness claim. They argue that willfulness remains in the case because it was pled in their Complaint and because they have raised it in other correspondence. But neither the Complaint nor litigation correspondence satisfies the procedural requirement for infringement contentions set by the scheduling order, and neither discloses the actual basis for any willfulness claim, as required by Paragraph 3(i) of the scheduling order (D.I. 30). The Court ordered Plaintiffs to disclose any basis for a willfulness claim, if they chose to pursue one, in their infringement contentions. Plaintiffs did not do so.  Therefore, Plaintiffs have forfeited their claim.

      Plaintiffs' sole citation to *GN Resound A/S v. Callpod, Inc.*, No. 11-cv-04673, 2013 WL 1190651, at *7 (N.D. Cal. Mar. 21, 2013) is not to the contrary.  That case did not involve a dispute regarding whether the plaintiffs actually disclosed a willfulness claim in their contentions. Indeed, in that case, the plaintiffs' infringement contentions included a section clearly labeled to indicate that the following paragraph provided "3-1(h)," or willfulness, disclosures. *See* Ex. A (*GN Resound A/S v. Callpod, Inc.*, No. 11-cv-04673, D.I. 46-3 at *4–5 (filed Aug. 21, 2012)). In contrast, in this case, Plaintiffs made no such disclosure and indeed have never disclosed the basis for a willful infringement claim.

      Nor are Plaintiffs correct that Defendants conceded that willfulness remains in this case. Since service of Plaintiffs' infringement contentions, Defendants have never agreed that there is a live willfulness claim. Indeed, the parties do not file objections to served contentions and there is no rule or binding legal authority that requires a party to remedy a deficient argument or claim in an opposing party's contention. Nevertheless, Defendants informed Plaintiffs of the deficiency nearly 2.5 months ago. Because the parties are before the Court on Plaintiffs' motion to compel, Defendants brought the matter to the Court's attention in an effort to avoid any further confusion

SHAW KELLER LLP
Page 2

between the parties on the issue and to avoid the prejudice of waiving the opportunity to rely on an advice of counsel defense. The suggestion that Defendants have conceded that Plaintiffs' contentions are sufficient or that Defendants otherwise had an obligation to raise the issue with the Court is misguided.

     Moreover, Plaintiffs do not dispute that good cause exists to stay the Paragraph 19 Deadline to disclose an advice of counsel defense. To the extent the Court requires additional time to consider the parties' dispute, Defendants' request for a stay to the Paragraph 19 Deadline should be granted.

                                             Respectfully submitted,

                                             */s/ Andrew E. Russell*

                                             Andrew E. Russell (No. 5382)

cc:    Clerk of Court (by CM/ECF)
        All Counsel of Record (by CM/ECF & Email)