# EXHIBIT A

ARNOLD & PORTER LLP
MONTY AGARWAL (SBN 191568)
E-Mail: Monty.Agarwal@aporter.com
JONATHAN KOENIG (SBN 281737)
E-Mail: Jonathan.Koenig@aporter.com
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:    415.471-3100
Facsimile:    415.471-3400

Attorneys for Plaintiff
GN RESOUND A/S

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GN RESOUND A/S, a corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CALLPOD, INC., a corporation,<br><br>　　　　　Defendant. | Case No.: 11-4673 SBA<br><br>**GN RESOUND A/S' AMENDED PATENT L.R. 3-1 AND 3-2 DISCLOSURES FOR U.S. PATENT NO. 7,027,603 B2** |

In accordance with Patent L.R. 3-1, GN ReSound A/S ("GN ReSound") hereby makes the following Amended Disclosure of Asserted Claims and Infringement Contentions for U.S. Patent No. 7,027,603 B2 (the "'603 Patent" or "Asserted Patent"). These disclosures are made based on information ascertained to date, and GN ReSound reserves the right to modify or amend these disclosures.

A.  Patent L.R. 3-1(a) Disclosures

On information presently known, GN ReSound contends that Callpod Inc. ("Callpod") has infringed at least the following claims (collectively, "the Asserted Claims"):

- Claim 1 is infringed under 35 U.S.C. § 271 (a)
- Claim 8 is infringed under 35 U.S.C. § 271 (a), (b), (c)
- Claim 14 is infringed under 35 U.S.C. § 271 (a), (b), (c)

B.  Patent L.R. 3-1(b) Disclosures

On information presently known, GN ReSound asserts infringement of every claim identified in response to Patent L.R. 3-1(a) above by Callpod's Onyx, Vetro, and Dragon headset products (the "Accused Products"). GN ReSound reserves the right to update its infringement contentions following discovery in this matter.

C.  Patent L.R. 3-1(c) Disclosures

Please see Appendices A through C, attached hereto and incorporated by reference, for charts that identify where each element of each of the Asserted Claims is found within the Accused Products.

D.  Patent L.R. 3-1(d) Disclosures

Callpod directly and indirectly infringes all of the Asserted Claims. Callpod directly infringes the claims, including Claim 1, by making, using, offering for sale, or selling the Accused Products within the United States, or by importing the Accused Products into the United States. Callpod has also used the Accused Products and has in the course of such acts practiced the method claims of the Asserted Patent, including Claims 8 and 14.

Third parties, including purchasers of the Accused Products, directly infringe the Asserted Patent, including Claims 8 and 14, in the course of using the Accused Products in the manner set

- 1 -

forth in Appendices A through C. Callpod induces this infringement of the Asserted Claims by promoting, encouraging, and instructing buyers and users of the Accused Products to use the products in ways that practice claims of the Asserted Patent, including Claims 8 and 14. Callpod's promotional and user manual materials for the Accused Products instruct buyers and users of the Accused Products to wear the Accused Products on the ear tangential to the face such that microphone holes on the headset make a line that points to the user's mouth when the headset is in use so that the microphone in the Accused Products can capture sound coming from the mouth along the user's face to where the Accused Products are worn. Callpod contributes to the infringement by supplying the Accused Products for use in a manner that infringes claims of the Asserted Patent, including Claims 8 and 14.

E.    Patent L.R. 3-1(e) Disclosures

On information presently known, GN ReSound contends that the Accused Products identified in response to Patent L.R. 3-1(b), literally infringe each of the Asserted Claims. In the alternative, GN ReSound contends that the Accused Products infringe each of the Asserted Claims under the doctrine of equivalents.

F.    Patent L.R. 3-1(f) Disclosures

The Asserted Claims of the '603 Patent are entitled to a priority date of no later than June 30, 1998.

G.    Patent L.R. 3-1(g) Disclosures

GN ReSound does not assert that any of GN ReSound's products embody the claimed subject matter of each of the Asserted Claims of the '603 Patent.

H.    Patent L.R. 3-1(h) Disclosures

Callpod's business includes manufacturing and selling the Accused Products as well licensing technology, technology assets, and intellectual property, including patent rights. *See* http://www.callpod.com/licensing. As a licensor of technology and patents, at all relevant times, Callpod has been aware of the value of patent rights and role of the patent system. Despite this understanding, Callpod has turned a blind eye to the proprietary rights, including patent rights, of others in the course of developing, making, and selling the Accused Products. Despite knowing that

Callpod's Accused Products contained technology and patented inventions that were not owned by Callpod, Callpod failed to secure permission from the rightful holders of such patented technology incorporated in Callpod's Accused Products. Because Callpod has been a licensor of patented technology, it was obvious to Callpod, known by Callpod, or should have been known to Callpod that before making and/or offering to sell its Accused Products that Callpod needed to obtain permission to use patented inventions incorporated in or practiced by the Accused Products including the '603 Patent, before proceeding to make, sell, offer to sell, or import into the United States the Accused Products.

I. Patent L.R. 3-2(a) Disclosures

GN ReSound did not make any sale of, offer to sell, or publicly use, per 35 U.S.C. §102, its claimed invention prior to the date of application for Asserted Patent.

J. Patent L.R. 3-2(b) Disclosures

After a search, GN ReSound cannot locate such documents. GN ReSound refers Callpod to the named inventor, whose last known address was disclosed in GN ReSound's Rule 26 Initial Disclosures.

K. Patent L.R. 3-2(c) Disclosures

Please see the file history for the Asserted Patent previously produced by GN ReSound at GNRESOUND000001-108.

L. Patent L.R. 3-2(d) Disclosures

GN ReSound is the assignee on the face of the Asserted Patent. Please see the file history and assignment history for the Asserted Patent previously produced by GN ReSound at GNRESOUND000001-108 and GNRESOUND000224 which show that GN ReSound is the assignee.

//
//
//
//
//

- 3 -

M. Patent L.R. 3-2(e) Disclosures

At this time, GN ReSound does not assert that any of its products embody the claimed subject matter of each of the Asserted Claims of the '603 Patent.

Dated: July 13, 2012

ARNOLD & PORTER LLP

By: *Monty Agarwal / JLK*
Monty Agarwal
Attorneys for Plaintiff
GN RESOUND A/S