IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) C.A. No. 21-1338 (MFK) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | )<br>)<br>)<br>) |
| Defendants. | ) |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF MOTION TO COMPEL
ASTRAZENECA TO PROVIDE SUPPLEMENTAL SALES DATA**

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| I. | INTRODUCTION & SUMMARY OF ARGUMENT | 1 |
| II. | ARGUMENT | 1 |
| III. | CONCLUSION | 4 |

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Everlight Elecs. Co. v. Nichia Corp.*,
    No. 12-CV-11758, 2015 WL 412184 (E.D. Mich. Jan. 30, 2015) ........................................2, 3

*Gamevice, Inc. v. Nintendo Co.*,
    No. 18-CV-01942-RS (TSH), 2019 WL 5565942 (N.D. Cal. Oct. 29, 2019) ...........................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26(b)(1)..................................................................................................................4

Fed. R. Civ. P. 26(e)(1)(A) ................................................................................................... 1, 2, 3

**I.     INTRODUCTION & SUMMARY OF ARGUMENT**

Plaintiffs allege that AstraZeneca's sales of Tagrisso® infringe the Asserted Patents, which cover methods for treating resistant non-small cell lung cancer. Tagrisso® sales data is unquestionably relevant to the upcoming trial, and damages experts for both sides rely on it for their respective calculations. But the last tranche of sales data that AstraZeneca produced only ran through March 2023; it thus does not fully encompass the total amount of sales at issue, which includes the period since March 2023 during which AstraZeneca continued its accused sales. It is common practice in patent cases in this District and elsewhere to update sales data before trial, consistent with the duty to supplement under Rule 26(e). Plaintiffs asked AstraZeneca to both update its sales data and agree to a schedule for the damages experts to revise their calculations accordingly. AstraZeneca has refused to do either.[1] Plaintiffs respectfully ask this Court to order that AstraZeneca supplement its production of Tagrisso® sales data through and including the most recent available date (or at least through January 31, 2024), immediately.

**II.    ARGUMENT**

Financial information concerning AstraZeneca's sales of Tagrisso® is undisputedly relevant to the extent of AstraZeneca's infringement and the appropriate measure of damages, and it is directly responsive to Plaintiffs' discovery requests (*see e.g.*, Ex. 2 at RFP Nos. 34, 35, and 70[2]). Indeed, both parties' experts use AstraZeneca's previously-produced U.S. Tagrisso® Profit and Loss Statement (AZ-PW-TAG00415135) and Tagrisso® demand units by indication data (AZ-

---

[1] Ex. 1, at 1 [Email from K. Saba].

[2] Puma and Wyeth served Request for Production Nos. 34, 35, and 70 on AstraZeneca on March 18, 2022, requesting: No. 34: "All documents and things relating to . . . sales . . . for each FDA-approved indication for use of Tagrisso®; No. 35: "All documents and things relating to the past, present, or future market . . . for Tagrisso® in the United States; and No. 70: "All documents and things related to . . . "actual sales," "actual revenue," "actual costs," and "actual profits" "for each FDA-approved indication of use for Tagrisso®." Ex. 2 at RFP Nos. 34, 35, and 70.

1

PW-TAG00318058 & AZ-PW-TAG00415136)[3] to determine a reasonable royalty rate and calculate past damages through March of 2023.[4] Plaintiffs are entitled to update those calculations so that they may present to the jury damages models that reflect the most current extent of AstraZeneca's infringement and the reasonable royalties due to Plaintiffs, and Plaintiffs ask that the Court order AstraZeneca to produce that information.[5]

Rule 26(e)(1)(A) provides that a party "must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). Supplementation "should be made at appropriate intervals during the discovery period, *and with special promptness as the trial date approaches*." *Gamevice, Inc. v. Nintendo Co.*, No. 18-CV-01942-RS (TSH), 2019 WL 5565942, at *2 (N.D. Cal. Oct. 29, 2019) (quoting the Advisory Committee Notes to the 1993 Amendments to Rule 26). Specifically, courts have ordered accused patent infringers to provide supplemental sales data near the time of trial, even after discovery has long ended. *Id.* at *1-*3; *see also Everlight Elecs. Co. v. Nichia Corp.*, No. 12-

---

[3] Plaintiffs' damages expert Dr. Rao uses the Tagrisso® demand units by indication data to determine the appropriate royalty base because 100% of Tagrisso® second-line sales are accused of infringing and 35% of Tagrisso® first-line and adjuvant sales are accused of infringement. *See* D.I. 281, D.-Ex. 8 (Rao Op. at 63 (first bullet point).

[4] This is not disputed but Plaintiffs can provide the Court with copies of the documents and relevant excerpts of the calculations from the parties' expert reports upon request. *See, e.g.*, D.I. 281, D.-Ex. 8 (Rao Op. at 4 (List of Tables at items 6 and 8) and 63 (first bullet point).

[5] Although it is common to handle supplemental damages for additional infringing sales between the last date for which sales information is available and entry of judgment, it is not common to do so for over a *years'* worth of missing sales information as there is here. Plaintiffs propose adhering to the common practice where AstraZeneca will provide supplemental sales data now pursuant to their Rule 26(e)(1)(A) duty and where the parties will supplement damages after judgment for the remaining time period through judgment. As described below, Plaintiffs are prejudiced by AstraZeneca's failure to supplement now.

CV-11758, 2015 WL 412184, at *2 (E.D. Mich. Jan. 30, 2015) (ordering patent infringement defendant to supplement sales data a few months before trial).

Plaintiffs ask that this Court to do the same. The Tagrisso® sales data is clearly relevant, and additional information about Tagrisso® sales since March 2023 "has not otherwise been made known to" Plaintiffs. Fed. R. Civ. P. 26(e)(1)(A). The only data publicly available to Plaintiffs indicates that AstraZeneca's overall U.S. Tagrisso® revenues were $2.276 billion dollars in 2023; but that disclosure does not include the required details that are available in AstraZeneca's profit and loss statement or Tagrisso® demand units by indication data that the parties used and that Plaintiffs need to update their damages calculations.[6] Indeed, without the updated information, Plaintiffs are prejudiced by their inability to offer evidence as to the most up-to-date extent of AstraZeneca's infringement. *See Everlight Elecs. Co.*, 2015 WL 412184, at *2 (ordering defendant to supplement its sales information two months before trial because "the extent of [the defendant's] purported infringement is an important factor for the jury's consideration in fashioning a damages award) (internal quotations and citation omitted).

During the parties' meet and confer, the sole basis that AstraZeneca articulated for its refusal to supplement its production was the "burden" of producing such information so close to trial. But if there is any burden (AstraZeneca has made no showing), it is not sufficient to justify withholding the production of what is expected to be two spreadsheets (if each of two types of spreadsheets is updated with the full range of missing information) when the extent of Tagrisso® sales is directly relevant to infringement and damages and the amount in controversy is

---

[6]*See* AstraZeneca Annual Report and Form 20-F Information 2023, https://www.astrazeneca.com/content/dam/az/Investor_Relations/annual-report-2023/pdf/AstraZeneca_AR_2023.pdf (last accessed Mar. 12, 2024) at 160.

3

significant.[7] *See* Fed. R. Civ. P. 26(b)(1). And AstraZeneca should have anticipated the need to supplement the sales data in advance of trial, given it is common practice and it is their *affirmative* duty to do so. Thus, AstraZeneca's claimed "burden" of producing two updated spreadsheets is entirely unreasonable, particularly where the data in these spreadsheets relates to one of its most commercially successful products and is maintained in the ordinary course of business. *See, e.g.*, D.I. 325, D-Ex. 57 (Miller Tr.) at 76:7-79:3 (regarding AZ-PW-TAG00318058, the prior production of Tagrisso® demand units by indication data); D.I. 281, D-Ex. 8 (Rao Op. at 56 n.114) (regarding AZ-PW-TAG00415135, the prior production of Tagrisso® Profit and Loss Statement).

### III. CONCLUSION

Plaintiffs respectfully request that the Court order AstraZeneca to produce supplemental Tagrisso® sales data through and including the most recent available date (or at least through January 31, 2024) within **seven** days of the Court's Order. To avoid further dispute as to the time for providing updated damages calculations based on the additional Tagrisso® sales, Plaintiffs also ask that each side have **two** weeks after AstraZeneca's production of the updated data to provide their updated damages calculations for trial.

---

[7] *See* D.I. 325, D-Ex. 65 (Rao Op. at page 63, ¶ 107) (past damages sought through March 2023).

| | |
|---|---|
| OF COUNSEL:<br><br>Steven N. Geise<br>Anthony M. Insogna<br>Meredith A. Stewart<br>Miguel A. Alvarez<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA  92121-3134<br>(858) 314-1200<br><br>Gasper J. LaRosa<br>Lisamarie LoGuidice<br>JONES DAY<br>250 Vesey Street<br>New York, NY  10281<br>(212) 326-3939<br><br>Jason G. Winchester<br>Bethany K. Biesenthal<br>Michelle B. Smit<br>Jeffrey S. Messing<br>JONES DAY<br>110 N. Wacker Drive, Suite 4800<br>Chicago, IL  60606<br>(312) 782-3939<br><br>John C. Evans, Ph.D.<br>JONES DAY<br>North Point 901 Lakeside Avenue<br>Cleveland, Ohio 44114-1190<br>(216) 586-3939<br><br>Alexis Adian Smith<br>JONES DAY<br>555 South Flower Street, Fiftieth Floor<br>Los Angeles, CA  90071<br>(213) 243-1542<br><br>Daniele San Román<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC 20001-2113<br>(202) 879-3939<br><br>*Attorneys for Puma Biotechnology, Inc.*<br><br>March 13, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br><br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Megan E. Dellinger (#5739)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>mdellinger@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs*<br><br>Sara T. Horton<br>Ren-How Harn<br>Henry C. Thomas<br>WILKIE FARR & GALLAGHER LLP<br>300 North LaSalle<br>Chicago, IL  60654-3406<br>(312) 728-9040<br><br>*Attorneys for Wyeth LLC* |

# CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 13, 2024, upon the following in the manner indicated:

| | |
|---|---:|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Christopher Sipes, Esquire<br>Einar Stole, Esquire<br>Kaveh Saba, Esquire<br>Priscilla Dodson, Esquire<br>Megan Keane, Esquire<br>Ashley Winkler, Esquire<br>Melissa Keech, Esquire<br>Elaine Nguyen, Esquire<br>Tobias Ma, Esquire<br>Alexander Trzeciak, Esquire<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC  20001<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

/s/ *Megan E. Dellinger*

Megan E. Dellinger (#5739)