IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, | ) ) ) |
| Plaintiffs/Counterclaim-Defendants, | ) ) |
| v. | ) ) C.A. No. 21-1338-MFK |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) ) |
| Defendants/Counterclaim-Plaintiffs. | ) ) |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS THEIR DECLARATORY JUDGMENT COUNTERCLAIMS AGAINST <u>PUMA BIOTECHNOLOGY DUE TO LACK OF JURISDICTION</u>**

OF COUNSEL:
Christopher N. Sipes
Einar Stole
Megan P. Keane
Kaveh V. Saba
Priscilla Dodson
Alexander Trzeciak
Ashley Winkler
Melissa Keech
Tobias Ma
Elaine Nguyen
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca AB*

Dated: March 27, 2024

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARDS ........................................................................................................ 3

IV. ARGUMENT ....................................................................................................................... 4

    A. AstraZeneca's declaratory judgment counterclaims against Puma are not justiciable and must be dismissed. ........................................................................... 4

    B. To the extent Puma alleges an interest in the counterclaims, any interest cannot overcome its lack of Article III standing. ...................................................... 9

V. CONCLUSION ................................................................................................................... 10

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*3M Co. v. Avery Dennison Corp.*,
  673 F.3d 1372 (Fed. Cir. 2012)..........................................................................................4, 7

*Benitec Austl., Ltd. v. Nucleonics, Inc.*,
  495 F.3d 1340 (Fed. Cir. 2007).............................................................................................4, 6

*California v. Texas*,
  141 S. Ct. 2104 (2021)..............................................................................................................7

*Cat Tech LLC v. TubeMaster, Inc.*,
  528 F.3d 871 (Fed. Cir. 2008).................................................................................................3

*Cirba Inc. v. VMware, Inc.*,
  C.A. Nos. 19-742-LPS, 20-272-LPS, 2020 WL 7489765 (D. Del. Dec. 21,
  2020) ...................................................................................................................................4, 9

*Crystal Lagoons U.S. Corp. v. Cloward H20 LLC*,
  No. 2:19-cv-796-BSJ, 2023 WL 3551424 (D. Ut. May 18, 2023) ...........................................8

*Dow Jones & Co. v. Ablaise Ltd.*,
  606 F.3d 1338 (Fed. Cir. 2010).................................................................................4, 5, 6, 10

*ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG*,
  541 F.3d 1373 (Fed. Cir. 2008)...............................................................................................5

*Fina Research S.A. v. Baroid Drilling Fluids, Inc*,
  98 F.3d 1357 (Table), 1996 WL 521465 (Fed. Cir. Sept. 16, 1996) ....................................6, 8

*GoDaddy.com, LLC v. Rpost Commc'ns Ltd.*,
  No. CV-14-00126-PHX-JAT, 2014 WL 7263537 (D. Ariz. Dec. 9, 2014).........................7, 8

*John Wiley & Sons, Inc. v. DRK Photo*,
  998 F. Supp. 2d 262 (S.D.N.Y. 2014), *aff'd*, 882 F.3d 394 (2d Cir. 2018) ..............................8

*Lursardi v. Xerox Corp.*,
  975 F.2d 964 (3d Cir. 1992)....................................................................................................4

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
  695 F.3d 1322 (Fed. Cir. 2012)...............................................................................................3

*Md. Cas. Co. v. Pac. Coal & Oil Co.*,
  312 U.S. 270 (1941).................................................................................................................4

*MedImmune, Inc. v. Genentech, Inc.*,
  549 U.S. 118 (2007) ............................................................................................................ 4, 5, 6

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ........................................................................................ 1, 9, 10

*In re Orthopedic "Bone Screw" Prods. Liab. Litig.*,
  132 F.3d 152 (3d Cir. 1997) ..................................................................................................... 8

*Panduit Corp. v. Dennison Mfg. Co.*,
  810 F.2d 1561 (Fed. Cir. 1987) ................................................................................................ 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  C.A. No. 04-1371-LPS, 2017 WL 6206382 (D. Del. Dec. 8, 2017) ......................................... 8

*Samuel-Bassett v. KIA Motors Am., Inc.*,
  357 F.3d 392 (3d Cir. 2004) ..................................................................................................... 4

*Sanyo Elec. Co., Ltd. v. Intel Corp.*,
  C.A. No. 18-1709-RGA, 2019 WL 1650067 (D. Del. Apr. 17. 2019) ..................................... 7

*Semiconductor Energy Lab'y Co., Ltd. v. Nagata*,
  706 F.3d 1365 (Fed. Cir. 2013) ................................................................................................ 5

*Sicom Sys., Ltd. v. Agilent Techs.*,
  427 F.3d 971 (Fed. Cir. 2005) ............................................................................................... 1, 9

*Skelly Oil Co. v. Phillips Petrol. Co.*,
  339 U.S. 667 (1950) .................................................................................................................. 3

*Trend Micro Inc. v. RPost Holdings, Inc.*,
  No. 13-CV-05227-WHO, 2014 WL 1365491 (N.D. Cal. Apr. 7, 2014) ............................... 7, 8

*Walker Digit., LLC. V. Expedia, Inc.*,
  C.A. No. 11-313-SLR, 2013 WL 5799912 (D. Del. Oct. 25, 2013) ......................................... 7

**Statutes**

28 U.S.C. §§ 2201 and 2202 ........................................................................................................ 2

28 U.S.C. § 2201(a) ............................................................................................................. 1, 3, 5

**Other Authorities**

U.S. Const. art. III ........................................................................................................................ 3

## I. INTRODUCTION

AstraZeneca respectfully requests that the Court dismiss without prejudice AstraZeneca's counterclaims seeking a declaratory judgment against Puma Biotechnology, Inc. AstraZeneca filed its counterclaims in response to Puma's and Wyeth's complaint asserting that AstraZeneca infringes certain patents owned by Wyeth. D.I. 1 (Complaint), 8 (Answer). Pursuant to the Court's order holding that Puma lacks Article III standing, there is no dispute that Puma has been "dismissed as a plaintiff in this case." D.I. 372 (Order) at 8–9. Because Puma now does not (and cannot) assert the patents-in-suit against AstraZeneca, there is no "case of actual controversy" between AstraZeneca and Puma as is necessary to confer Article III standing under the Declaratory Judgement Act. 28 U.S.C. § 2201(a). Indeed, as this Court found, Puma has no exclusionary rights infringed by AstraZeneca's alleged conduct and thus lacks the requisite "injury-in-fact" required for standing, *see* D.I. 372 at 8; accordingly, Puma falls within the category of litigants "that cannot even participate as a party to an infringement suit," *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007). *See also Sicom Sys., Ltd. v. Agilent Techs., Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005) ("A nonexclusive license confers no constitutional standing on the licensee to bring suit **or even to join a suit with the patentee** because a nonexclusive licensee suffers no legal injury from infringement.") (emphasis added). Thus, the justiciability of AstraZeneca's counterclaims as to Puma rise and fall with the justiciability of Puma's claims of infringement, and must be dismissed.

## II. BACKGROUND

Puma and Wyeth filed this action asserting that AstraZeneca induces infringement of two Wyeth patents by marketing the oncology product Tagrisso®. D.I. 1 (Puma's and Wyeth's Complaint) ¶¶ 1–2. Among other affirmative defenses, AstraZeneca answered with counterclaims pursuant to the Declaratory Judgment Act seeking declaratory judgment of non-

1

infringement, invalidity, and unenforceability of the patents-in-suit. D.I. 8 (AstraZeneca's Answer and Counterclaims) at 37 (¶ 9), 40 (¶ 17) (invoking 28 U.S.C. §§ 2201 and 2202).

Subsequent discovery in this case clarified that Puma's license related to the patents-in-suit is limited to "compound-specific" rights that do not cover Tagrisso® and AstraZeneca's allegedly infringing conduct. *See, e.g.*, D.I. 372 (Memorandum and Order) at 8. AstraZeneca therefore moved to dismiss Puma from this case for lack of Article III standing. *See* D.I. 269 (AstraZeneca's Motion to Dismiss for Lack of Article III Standing); D.I. 348 (AstraZeneca's Reply).

On March 18, 2024, this Court held that "[b]ecause Puma has no right to use or exclude others from practicing the patents-in-suit with respect to osimertinib," the compound in Tagrisso®, "it has no [Article III] standing to sue AstraZeneca for infringement." D.I. 372 (Order) at 8. This Court specifically found that, under settled law, Puma lacked the constitutionally required "injury-in-fact" from AstraZeneca's alleged conduct. *Id.* at 8–9. It therefore "dismissed [Puma] as a plaintiff in this case." *Id.* at 9.

This Court's order dismissing Puma rejected Puma's "various arguments" for why it has suffered an injury-in-fact despite its lack of any exclusionary rights with respect to AstraZeneca's conduct. D.I. 372 (Order) at 8. Among those rejected arguments was Puma's assertion that its rights were potentially impaired by AstraZeneca's invalidity counterclaims. *See* D.I. 313 (Puma's Answering Brief) at 6–7. This Court stated that it "is bound by Federal Circuit precedent on this issue," and Puma's "admission that its exclusionary rights to the patents do not overlap with AstraZeneca's alleged infringement ends the inquiry before this Court." D.I. 372 (Order) at 8–9.

Despite the Court's order dismissing Puma, Puma has continued to participate as if it is a party to this action. AstraZeneca repeatedly asked counsel for Puma to clarify their position as to their role following the Court's dismissal of their client but received no substantive

2

response. During a meet and confer between the parties on March 21, 2024, Puma stated that it remains in the case as an invalidity counterclaim defendant. Puma did not offer any other basis for its ongoing participation. Notably, AstraZeneca had already addressed this argument in its reply brief supporting AstraZeneca's motion to dismiss Puma due to lack of standing. AstraZeneca explained that its counterclaims "become moot against Puma upon Puma's dismissal." D.I. 348, at 3 n.1; *see also id.* at 3–4 (explaining that any alleged injury to Puma based on the validity of the patents-in-suit cannot cure its lack of constitutional standing as confirmed by controlling Federal Circuit precedent).

After the parties' March 21 meet and confer, AstraZeneca asked Puma and Wyeth to stipulate to the dismissal of AstraZeneca's declaratory judgment counterclaims against Puma given that the Court lacks jurisdiction over those claims. Ex. A (Email chain between Puma, Wyeth, and AstraZeneca). Puma and Wyeth would not agree. *Id.* Accordingly, and pursuant to the Court's guidance at the March 22, 2024, status conference, AstraZeneca files this motion requesting that the Court dismiss without prejudice AstraZeneca's counterclaims as to Puma for lack of jurisdiction.

**III.    LEGAL STANDARDS**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). "The Declaratory Judgment Act does not provide an independent basis of subject matter jurisdiction." *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1327–28 (Fed. Cir. 2012) (citing *Skelly Oil Co. v. Phillips Petrol. Co.*, 339 U.S. 667, 671–72 (1950)). Rather, such jurisdiction is limited by Article III of the Constitution, which restricts federal judicial power to the adjudication of "Cases" or "Controversies." *Id.*; *see also* U.S. Const. art. III. According to the Supreme Court, "the question in each case is whether the facts alleged,

3

under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)); *see also 3M Co. v. Avery Dennison Corp.*, 673 F.3d 1372, 1377 (Fed. Cir. 2012) (setting forth the three elements for the "irreducible constitutional minimum of standing" in a declaratory judgment action).

Because subject matter jurisdiction is a threshold issue, the court must dismiss claims that lack subject matter jurisdiction. *See Lursardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992) ("Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction."); *see also Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010); *Cirba Inc. v. VMware, Inc.*, C.A. Nos. 19-742-LPS, 20-272-LPS, 2020 WL 7489765, at *4–5 (D. Del. Dec. 21, 2020).

"The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since." *Benitec Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court.").

## IV. ARGUMENT

### A. AstraZeneca's declaratory judgment counterclaims against Puma are not justiciable and must be dismissed.

This Court lacks jurisdiction over AstraZeneca's declaratory judgment counterclaims against Puma. Because Puma does not have exclusionary rights and cannot sue AstraZeneca for patent infringement of the patents-in-suit, *see* D.I. 372 (Order) at 8–9, there is no "case of actual controversy" between AstraZeneca and Puma as required to confer Article III

4

jurisdiction for AstraZeneca's declaratory judgment counterclaims against Puma. *See* 28 U.S.C. § 2201(a); *see also MedImmune*, 549 U.S. at 127.

Fundamentally, AstraZeneca's counterclaims seeking declaratory judgment of invalidity are not independent causes of action that can justify Puma's continued participation in this case. Rather, AstraZeneca's declaratory judgment claims against Puma were defenses raised in response to Puma's allegation of infringement. *See, e.g.*, *Semiconductor Energy Lab. Co., Ltd. v. Nagata*, 706 F.3d 1365, 1370 (Fed. Cir. 2013) ("[A] declaratory judgment of patent validity . . . is not a viable cause of action."); *ExcelStor Tech., Inc. v. Papst Licensing GMBH & Co. KG*, 541 F.3d 1373, 1376 (Fed. Cir. 2008) ("[P]atent exhaustion is a defense to patent infringement, not a cause of action."); *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1569 (Fed. Cir. 1987) (A court does not "declare a patent valid" but rather states "only whether the patent challenger carried its burden of establishing invalidity in the particular case before the court."). Because AstraZeneca faces no threat of liability for patent infringement from Puma, there is no justiciable case of actual controversy between Puma and AstraZeneca.

Indeed, the Federal Circuit has consistently held that declaratory judgment claims of invalidity do not meet the Article III standing requirements where the counterclaim defendant cannot bring a suit for infringement of the patents. For instance, in *Dow Jones*, the Federal Circuit reversed a district court's decision denying dismissal of invalidity declaratory judgment claims. *Dow Jones*, at 606 F.3d at 1348. There, the patent owner issued a covenant not to sue on a patent-in-suit. *Id.* at 1340. The Federal Circuit held that by removing the possibility of patent infringement liability, the court was divested of subject matter jurisdiction **over the plaintiff's invalidity declaratory judgment claims**. *Id.* at 1348–49. In so holding, the Federal Circuit rejected the district court's determination that ongoing litigation as to a related patent or concerns about the potential for additional, future litigation weighed against dismissal. *See id.* at 1348. The Federal Circuit explained that because "[s]ubject matter jurisdiction is a

5

threshold requirement for a court's power to exercise jurisdiction over a case, . . . ***no amount of 'prudential reasons'*** or perceived increases in efficiency, however sound, ***can empower a federal court to hear a case where there is no extant case or controversy***." *Id.* (emphases added). Just as the circumstances here, it was dispositive that the district court lacked subject matter jurisdiction over an infringement action between the parties concerning the patent at issue.

Similarly, in *Fina Research S.A. v. Baroid Drilling Fluids, Inc.*, the Federal Circuit affirmed the district court's dismissal of Fina's declaratory judgment claims, stating that because the declaratory judgment defendant "***cannot sue*** Fina" where it did not own an interest in the patent, "it is clear that ***there is no 'case of actual controversy'*** between [the parties], and that the district court was correct in dismissing Fina's declaratory judgment complaint." 98 F.3d 1357 (Table), 1996 WL 521465, at *1 (Fed. Cir. Sept. 16, 1996) (emphases added). And, again in *Benitec Australia*, the Federal Circuit affirmed the district court's dismissal of declaratory judgment counterclaims after its dismissal of patent infringement claims in the case because there was no "substantial controversy" between the parties "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.*, 495 F.3d at 1344 (quoting *MedImmune*, 549 U.S. at 127). Likewise here, because Puma cannot sue AstraZeneca based on the patents-in-suit, *see* D.I. 372 (Order) at 8–9, there is no "case of actual controversy" or "substantial controversy" between Puma and AstraZeneca, and AstraZeneca's declaratory judgment counterclaims must be dismissed.

In addition, Puma's lack of standing to enforce the patents-in-suit renders the counterclaims against it non-justiciable because the alleged harm to AstraZeneca (the enforcement of the patents) is not fairly traceable to Puma's conduct, as Puma cannot assert the patents. It is well established that a claim for declaratory relief (as with any other claim in Federal Court) is justiciable only if the plaintiff's alleged injury is "fairly traceable to the

6

defendant's allegedly unlawful conduct." *California v. Texas*, 141 S. Ct. 2104, 2113 (2021); *3M*, 673 F.3d at 1377 ("[W]e have held that to establish an injury in fact traceable to the patentee a declaratory judgment plaintiff must allege an affirmative act by the patentee relating to the enforcement of his patent rights."). Here, the injury to AstraZeneca underlying its counterclaims is the enforcement of the patents-in-suit, and that injury is not "fairly traceable" to Puma's conduct, since as this court has held, Puma lacks standing to enforce the patents against AstraZeneca.

Consistent with the Federal Circuit's precedent, district courts, including in this District, routinely hold that where a party (like Puma) lacks standing to bring an infringement suit, then the court likewise lacks jurisdiction over declaratory judgment claims against the party. *See, e.g.*, *Sanyo Elec. Co., Ltd. v. Intel Corp.*, C.A. No. 18-1709-RGA, 2019 WL 1650067, at *10–11 (D. Del. Apr. 17. 2019) (the Court lacked jurisdiction over, and thus dismissed, declaratory judgment counterclaims of patent exhaustion and invalidity against counterclaim-defendant because counterclaim-defendant lacked standing to bring an infringement suit as to the patents-in-suit); *GoDaddy.com, LLC v. Rpost Commc'ns Ltd.*, No. CV-14-00126-PHX-JAT, 2014 WL 7263537, at *5–7 (D. Ariz. Dec. 9, 2014) (the court lacked jurisdiction over, and thus dismissed, declaratory judgment claims for patent noninfringement and invalidity where declaratory-judgment defendants did not have rights in the patents-in-suit and lacked standing to sue for patent infringement); *Trend Micro Inc. v. RPost Holdings, Inc.*, No. 13-CV-05227-WHO, 2014 WL 1365491, at *7–8 (N.D. Cal. Apr. 7, 2014) (dismissing declaratory judgment complaint because declaratory judgment defendant lacked standing to sue for patent infringement and thus declaratory judgment plaintiff lacked standing to sue for patent noninfringement and invalidity); *see also Walker Digit., LLC. V. Expedia, Inc.*, C.A. No. 11-313-SLR, 2013 WL 5799912, at *1 (D. Del. Oct. 25, 2013) (non-infringement and invalidity declaratory judgment counterclaims were "mooted by the court's decision" that counterclaim defendant did not own

7

the patents-in-suit and lacked standing); *Crystal Lagoons U.S. Corp. v. Cloward H20 LLC*, No. 2:19-cv-796-BSJ, 2023 WL 3551424, at *7 (D. Ut. May 18, 2023) (dismissing all counterclaims related to plaintiff's patent infringement claims that lacked standing); *John Wiley & Sons, Inc. v. DRK Photo*, 998 F. Supp. 2d 262, 289–92 (S.D.N.Y. 2014) (declaratory judgment defendant's lack of standing to sue for infringement of certain copyrights "effectively moots the controversy between the parties" and "[plaintiff] is no longer confronted with a reasonable apprehension that it will be subject to liability *to [declaratory judgment defendant]* for the alleged infringement"), *aff'd*, 882 F.3d 394 (2d Cir. 2018).

For the avoidance of doubt, the Court's dismissal of AstraZeneca's declaratory judgment counterclaims for lack of subject matter jurisdiction is not a decision on the merits and thus should be "without prejudice." *E.g.*, *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-LPS, 2017 WL 6206382, at *3 (D. Del. Dec. 8, 2017) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)); *see also, e.g.*, *Fina Research*, 1996 WL 521465, at *2 (affirming dismissal "without prejudice" of declaratory judgment claims because the court lacked jurisdiction over those claims); *GoDaddy.com*, 2014 WL 7263537, at *7 (dismissing non-infringement and invalidity declaratory judgment claims for lack of jurisdiction without prejudice); *Trend Micro*, 2014 WL 1365491, at *8 (similar); *Crystal Lagoons*, 2023 WL 3551424, at *7–8 (similar). Moreover, if Puma's Article III standing were to change at some point in the future, and if Puma were later able to properly assert patent infringement claims against AstraZeneca, AstraZeneca should have the opportunity to defend itself against such allegations. This is particularly true where AstraZeneca played no role in causing Puma's lack of Article III standing or the non-justiciability of AstraZeneca's counterclaims against Puma.

Moreover, Puma must be dismissed as a party to this action (including as a counterclaim defendant) before trial because Puma's participation at trial would materially impact the issues

8

and evidence at trial resulting in significant prejudice to AstraZeneca. Indeed, if Puma—a party without Article III standing—were to appear at trial, a new trial would be required in this case. *See Cirba*, 2020 WL 7489765, at *4–5 (ordering a new trial after the jury's verdict because a co-plaintiff at trial lacked standing and trial would have looked "materially different" had that plaintiff been dismissed before trial).

### B. To the extent Puma alleges an interest in the counterclaims, any interest cannot overcome its lack of Article III standing.

As of the filing of this motion, the only rationale that Puma or Wyeth have offered to justify Puma's refusal to be dismissed from the case is that AstraZeneca's invalidity counterclaims implicate Puma's rights as a licensee of the patents-in-suit. *See* Ex. A. It appears that Puma plans to ask this Court to ignore binding precedent to remain in a case where no actual case or controversy exists between Puma and AstraZeneca under the guise of defending against counterclaims. But that argument defies common sense. Where Puma's claim of infringement is not justiciable, it cannot be the case that Puma can simply circumvent standing requirements by arguing that it should be permitted to respond to AstraZeneca's defenses to those same nonjusticiable infringement claims. Just as Puma lacks standing to defend the patent in the original infringement action, to which invalidity is a defense, so too does it lack standing to litigate those same issues when the defenses are pleaded as counterclaims as well. As the Federal Circuit has made clear, the fact that Puma lacks an exclusive right in the patents-in-suit that is allegedly infringed by AstraZeneca means that it lacks standing to "participate as a party to an infringement suit." *Morrow*, 499 F.3d at 1339; *Sicom*, 427 F.3d at 976 ("A nonexclusive license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a nonexclusive licensee suffers no legal injury from infringement."). Puma does not gain standing simply because invalidity is asserted as a counterclaim as well as a defense to infringement.

9

Moreover, this is no more than an attempt by Puma to reargue what the parties have already briefed, and this Court decided, in response to AstraZeneca's motion to dismiss. There, Puma argued that it should not be dismissed from the case because it is a necessary party in light of AstraZeneca's counterclaims of invalidity. D.I. 313 (Puma's Answering Brief) at 6–7. AstraZeneca pointed out in reply that any such argument is limited to parties *who otherwise have exclusionary rights in the patents*, such that they have standing (which Puma does not). D.I. 348 (AstraZeneca Reply) at 1–3. Indeed, the Federal Circuit has explained that parties (like Puma) who lack exclusionary rights "cannot even participate as a party to an infringement suit." *Morrow*, 499 F.3d at 1339–41; *see also Dow Jones*, 606 F.3d at 1348 ("Subject matter jurisdiction is a threshold requirement, . . . no amount of 'prudential reasons' . . . can empower a federal court to hear a case where there is no extant case or controversy."). This Court agreed with AstraZeneca. In rejecting Puma's "various arguments," the Court rejected Puma's suggestion that it is necessary to this litigation in light of AstraZeneca's invalidity counterclaims and explained that "procedural rules cannot alter the requirements of Article III standing." D.I. 372 (Order) at 9 (internal citation omitted). The same reasoning applies here: Puma should be dismissed from the action as a counterclaim defendant.[1]

AstraZeneca respectfully requests the opportunity to file a brief reply on an expedited basis to address arguments raised by Puma or Wyeth in rebuttal.

## V.   CONCLUSION

For the foregoing reasons, AstraZeneca respectfully requests that the Court dismiss without prejudice AstraZeneca's counterclaims as to Puma.

---

[1] Moreover, it would be highly prejudicial to AstraZeneca to require it to litigate against Puma the validity of patents that Puma cannot threaten to assert against AstraZeneca.

10

|  |  |
|---|---|
|  | */s/ Andrew E. Russell* |
| OF COUNSEL: | Karen E. Keller (No. 4489) |
| Christopher N. Sipes | Andrew E. Russell (No. 5382) |
| Einar Stole | Nathan R. Hoeschen (No. 6232) |
| Megan P. Keane | Emily S. DiBenedetto (No. 6779) |
| Kaveh V. Saba | SHAW KELLER LLP |
| Priscilla Dodson | I.M. Pei Building |
| Alexander Trzeciak | 1105 North Market Street, 12th Floor |
| Ashley Winkler | Wilmington, DE 19801 |
| Melissa Keech | (302) 298-0700 |
| Tobias Ma | kkeller@shawkeller.com |
| Elaine Nguyen | arussell@shawkeller.com |
| COVINGTON & BURLING LLP | nhoeschen@shawkeller.com |
| One CityCenter | edibenedetto@shawkeller.com |
| 850 Tenth Street NW | *Attorneys for AstraZeneca Pharmaceuticals* |
| Washington, DC 20001-4956 | *LP and AstraZeneca AB* |
| (202) 662-6000 |  |

Dated: March 27, 2024

11