IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC.<br>and WYETH, LLC,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>ASTRAZENECA PHARMACEUTICALS<br>LP and ASTRAZENECA AB,<br><br>　　　　Defendants. | Case No. 21-cv-1338-MFK |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Puma Biotechnology, Inc. and Wyeth, LLC sued AstraZeneca Pharmaceuticals, LP and AstraZeneca AB (collectively AstraZeneca) for infringement of two United States patents owned by Wyeth and licensed to Puma. The accused product is AstraZeneca's drug Tagrisso (osimertinib). AstraZeneca asserted non-infringement and the two patents' invalidity as affirmative defenses and, as is common in patent infringement cases, also asserted counterclaims seeking a declaratory judgment of non-infringement and invalidity.

Following discovery, AstraZeneca moved for summary judgment. AstraZeneca argued, among other things, that Puma lacked standing to sue for infringement because its license was compound-specific and did not permit it to practice the patents with respect to osmertinib, Tagrisso's active ingredient. The Court concluded that Puma lacked an injury in fact as required for Article III standing and dismissed Puma's infringement claims for lack of subject matter jurisdiction.

Now that the case is proceeding to trial, AstraZeneca has moved to dismiss its counterclaims against Puma.  AstraZeneca contends that there is no actual controversy between it and Puma and that subject matter jurisdiction under Article III is lacking for the counterclaims as well.  Puma opposes the motion.

There's no plausible contention that there is an actual controversy with respect to AstraZeneca's non-infringement counterclaim.  At this point, Puma is not a plaintiff asserting a claim infringement, so there's no actual controversy between it and AstraZeneca on that issue.  The Court therefore dismisses for lack of jurisdiction AstraZeneca's non-infringement counterclaims as asserted against Puma.

Puma contends, however, that it can and should remain in the case as a defendant on AstraZeneca's invalidity counterclaims regarding the two patents.  Puma contends that if one or both of the patents are held invalid, Puma, too, will be harmed and its rights under its license will be impaired.  But because Puma's rights regarding the patents do not extend to osmertinib, the accused product in this case, there is no actual controversy between AstraZeneca and Puma at this point.  Puma's inability to sue for infringement eliminates any case or controversy between it and AstraZeneca with respect to the patents-in-suit.  *See Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (Fed. Cir. 2010) (because covenant not to sue eliminated patent holder's ability to sue opposing party for infringement, opposing party's claim for a declaratory judgment of invalidity had to be dismissed for lack of jurisdiction).  "[T]he Court must have jurisdiction over a patent infringement complaint brought by [Puma] as plaintiff for it to exercise jurisdiction over the counterclaims of invalidity . . . brought by [AstraZeneca].} *Sanyo Elec. Co., Ltd v. Intel Corp.*, No. CV 18-1709-RGA, 2019 WL 1650067, at *10 (D.

2

Del. Apr. 17, 2019) (cleaned up).  AstraZeneca and Puma do not have "adverse legal interests," *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007), given Puma's inability to sue AstraZeneca for infringement, and as such, subject matter jurisdiction over AstraZeneca's invalidity counterclaims against Puma is lacking.

    Puma argues in the alternative that it is a necessary party on AstraZeneca's counterclaims within the meaning of Federal Rule of Civil Procedure 19(a).  Rule 19 says that

> [a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).  But Rule 19 does not create subject matter jurisdiction where it is otherwise lacking.  Rather, in the present context Rule 19 requires joinder of licensees "who otherwise have standing," *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1228 (Fed. Cir. 2019), which Puma does not.  Puma offers no authority holding that a licensee that lacks Article III standing to sue for infringement is appropriately named on the alleged infringer's invalidity or non-infringement counterclaim.

    Finally, Puma argues that if all else fails, it should be alleged to remain in the

3

case on the declaratory judgment counterclaims via permissive intervention under Federal Rule of Civil Procedure 24. But even if this is a viable means for a party in Puma's position to seek to intervene, in this case Puma's interests are adequately represented by Wyeth, which as the patent holder has just as much of an incentive to fight the invalidity counterclaims, and which is represented in this case by the same lawyers as Puma. *See, e.g., Hilsinger v. Syeego, LLC*, No. 13-CV-10594-IT, 2016 WL 7826657, at *3 (D. Mass. Feb. 26, 2016). Puma does not argue otherwise. Thus intervention under Rule 24 would be inappropriate.

## Conclusion

For the reasons stated above, the Court grants the defendants' motion to dismiss their declaratory judgment counterclaims against Puma Biotechnology, Inc. for lack of jurisdiction [dkt. no. 375].

Date: April 29, 2024

_____
MATTHEW F. KENNELLY
United States District Judge