IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH LLC, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 21-1338-MFK |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) |
| | ) |
| Defendants/Counterclaim-Plaintiffs. | ) |
| | ) |

**DEFENDANTS' RESPONSE TO WYETH'S NOTICE OF SUPPLEMENTAL CITATION REGARDING WYETH'S MOTION IN LIMINE NO. 4**

Wyeth's "supplemental citation" (D.I. 413) incorrectly asserts that AstraZeneca's statements at the Pretrial Conference were inconsistent with its previous briefing. AstraZeneca has always maintained that it was Dr. Alban's decision that the patents-in-suit are invalid such that no further action was needed:

- "Dr. Alban explained, for example, that *he concluded* based on the Armitage opinion work that the Patents-in-Suit would likely be found invalid if litigated . . . ." D.I. 413-1 (Mot. for Protective Order) at 18 (emphasis added).

- "***Dr. Alban held decision-making responsibility*** on the question of whether the patents-in-suit presented any risk that would require AstraZeneca to take action, such as obtaining a license." D.I. 323 (Resp. to Summary Judgment Mot.) at 2 (emphasis added).

That Dr. Alban communicated his decision to others like Mr. Pott does not render his testimony inadmissible. D.I. 401 at 12. Just last week, another court confirmed that under Federal Circuit precedent, Dr. Alban's testimony would certainly be relevant to establish AstraZeneca's state of mind on invalidity:

> Nor is the Court persuaded that [the trial witness's] testimony is irrelevant because [another high-level employee] played a greater role in deciding how to respond to DMF's allegations. . . . There is little, if any, reason to stop selling a product that might infringe an invalid patent . . . . Once invalidity or infringement has been resolved, there is not much more to discuss about

>whether to continue selling the design. . . . *Harris* did not hold that the relevant states of mind were those of executives with decision-making authority.

*DMF, Inc. v. AMP Plus, Inc.*, No. 2:18-CV-07090-CAS, 2024 WL 1796396, at *15 (C.D. Cal. Apr. 25, 2024) (Ex. 1); *id.* at *14 ("[B]y emphasizing that the responsibilities of those who received the opinion are not dispositive, *Harris* shows that the relevant state of mind is not limited to a narrow class of executives.") (citing *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1259 (Fed. Cir. 2005)).

|  |  |
|---|---|
| | /s/ Andrew E. Russell |
| | Karen E. Keller (No. 4489) |
| | Andrew E. Russell (No. 5382) |
| | Nathan R. Hoeschen (No. 6232) |
| | Emily S. DiBenedetto (No. 6779) |
| OF COUNSEL: | SHAW KELLER LLP |
| Christopher N. Sipes | I.M. Pei Building |
| Einar Stole | 1105 North Market Street, 12th Floor |
| Megan P. Keane | Wilmington, DE 19801 |
| Kaveh V. Saba | (302) 298-0700 |
| Priscilla Dodson | kkeller@shawkeller.com |
| Alexander Trzeciak | arussell@shawkeller.com |
| Ashley Winkler | nhoeschen@shawkeller.com |
| Melissa Keech | edibenedetto@shawkeller.com |
| Tobias Ma | *Attorneys for AstraZeneca* |
| Elaine Nguyen | *Pharmaceuticals LP and* |
| Robert T. McMullen | *AstraZeneca AB* |
| COVINGTON & BURLING LLP | |
| One CityCenter | |
| 850 Tenth Street NW | |
| Washington, DC 20001-4956 | |
| (202) 662-6000 | |

Dated: May 2, 2024