IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 21-1338 (MFK) |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) ) |
| Defendants. | ) ) |

## JOINT STATEMENT REGARDING
## DISPUTED PRELIMINARY JURY INSTRUCTIONS

As requested by the Court during the May 3, 2024 hearing, Plaintiff Wyeth LLC and Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca AB (collectively, "AstraZeneca") hereby submit the two remaining disputed instructions in the parties' Joint Proposed Preliminary Instructions (D.I. 381-11). The parties' respective positions are in footnotes below.

**10.2   [Disputed] Written Description/Claiming Requirements[1]**

AstraZeneca contends that claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent are invalid because the patents do not contain an adequate a written description of the invention or an enabling description of the invention. To succeed on this contention, AstraZeneca must prove that:

- **[Wyeth's Proposal**:[2] The specification section of the patent does not contain an adequate written description of each and every requirement of the particular patent claim that is at

---

[1] Federal Civil Jury Instructions of the Seventh Circuit (Patents), § 11.1.17.

[2] **Wyeth's Statement re: No. 10.2, first bullet:**  This language is used in the Seventh Circuit Pattern Instructions and is helpful to a lay jury, whereas AstraZeneca's proposal deviates from the Seventh Circuit Pattern Instructions. Further, it is unnecessary at this preliminary stage of the case

issue.] [AstraZeneca Proposal:[3]  A person with ordinary skill in the field who read the patent specification as of the date of invention would not have recognized that the inventor invented the full scope of the invention as defined by the patent claim, or]

- [Wyeth's Proposal:[4]  The specification section of the patent does not contain enough information to enable a person of ordinary skill in the field of the invention to make and use the invention without undue experimentation.] [AstraZeneca's Proposal:[5]  A person with ordinary skill in the field who read the patent specification as of the date of invention

---

to introduce concepts such as "the date of invention" without the context that can be provided during the trial.

[3] **AstraZeneca's Statement re: No. 10.2, first bullet:**  In light of updated case law from the Federal Circuit, AstraZeneca proposes to amend § 11.1.13 of the Seventh Circuit pattern instructions with language from *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, 10 F.4th 1330, 1336 (Fed. Cir. 2021) (determining if a reasonable jury could find from the patent's written description "that the inventors possessed the full scope of the claimed invention"). This language is adapted from the final jury instructions used in *10X Genomics, Inc. v. Nanostring Techs., Inc.*, C.A. No. 21-cv-653-MFK, D.I. 300 at 28 (Final Jury Instructions).

[4] **Wyeth's Statement re: 10.2, second bullet:**  This language is used in the Seventh Circuit Pattern Instructions and is helpful to a lay jury, whereas AstraZeneca's proposal deviates from the Seventh Circuit Pattern Instructions.  Further, it would be confusing to replace the longstanding phrase "undue experimentation," which has been routinely used by both sides' experts in this case, with the phrase "unreasonable degree of experimentation."  *See also Baxalta Inc. v. Genentech, Inc.*, 81 F.4th 1362, 1367 (Fed. Cir. 2023) ("We see no meaningful difference between *Wands*' 'undue experimentation' and *Amgen*'s '[un]reasonable experimentation' standards."). And it is unnecessary at this preliminary stage of the case to introduce concepts such as "the date of invention" without the context that can be provided during the trial.

[5] **AstraZeneca's Statement re: No. 10.2, second bullet:**  Recent case law similarly requires an update to the 2020 pattern instruction with respect to the enablement standard.  *See Amgen Inc. v. Sanofi*, 598 U.S. 594 (2023) ("If a patent claims an entire class of processes, machines, manufactures, or compositions of matter, the patent's specification must enable a person skilled in the art to make and use the entire class. In other words, the specification must enable *the full scope of the invention* as defined by its claims.") (emphasis added); *Baxalta Inc. v. Genentech, Inc.*, 81 F.4th 1362, 1367 (Fed. Cir. 2023) ("*Amgen* made clear that § 112(a) requires inventors to enable the 'full scope' of the claimed invention without unreasonable experimentation."). AstraZeneca proposes modifying the language used for written description in *10X Genomics, Inc. v. Nanostring Techs., Inc.*, C.A. No. 21-cv-653-MFK, D.I. 294 at 10 (Preliminary Jury Instructions) with language from *Amgen* and *Baxalta*.  Further, the "unreasonable degree of experimentation" language from *Baxalta* is clearer to a lay jury than "undue experimentation.".

would not have been able to make and use the full scope of the invention as defined by the patent claim, without an unreasonable degree of experimentation.**]**

I will explain in more detail at the end of the case how you decide these issues.

**10.5    [Disputed] Prior Art and Date of Invention [Only Proposed by AstraZeneca]**

[**Wyeth's Proposal:**[6]   no instruction necessary.  To the extent, however, the Court determines to provide a preliminary instruction on these issues, Wyeth proposes that the Court instruct the jury in an abbreviated and high-level manner consistent with other preliminary instructions, such as the following:

[*Title:*]  **Prior Art**

For some of the publications or other references that AstraZeneca asserts for its anticipation and obviousness defenses, the parties dispute whether they are "prior art."  For these, you must determine whether the alleged prior art is prior art that can be considered in determining whether

---

[6] **Wyeth's Statement re: No. 10.5:**  The date of invention issue is not appropriate for preliminary instructions.  The Seventh Circuit Pattern Preliminary Instructions do not include such an instruction and AstraZeneca has not cited to *any preliminary instructions* that include a date of invention instruction.  Including this as a preliminary instruction, without the context that will be provided during trial, is likely to confuse the jury.  Further, such an instruction concerns only one aspect of the tests for anticipation and obviousness and thus places an undue emphasis on this single aspect.  Further, AstraZeneca's proposed instruction introduces the February 2, 2006 filing date of the PCT application that ultimately issued as the '314 and '162 patents, but completely ignores the fact that the PCT application properly claims priority to *two* provisional applications that were filed on February 3, 2005 and April 15, 2005.  Providing the date of the PCT application to the jury, while ignoring the existence of the provisional applications, is facially prejudicial and will lead to jury confusion.  In addition, AstraZeneca's proposal, instructing the jury that it will need to determine "whether Wyeth has proven" an earlier date of invention is incorrect; Wyeth does not bear a burden of proof on this issue; they bear only a burden of production.  *See Tech. Licensing Corp. v. Videotek, Inc.*, 545 F. 3d 1316, 1328-29 (Fed. Cir. 2008).  Further, even AstraZeneca's case cites make clear that Wyeth has a burden of production, not proof, contrary to AstraZeneca's proposed instruction.  Finally, AstraZeneca's instruction is incomplete regarding the various ways that the claims can predate AstraZeneca's alleged prior art.

the asserted claims of the '314 and '162 patents are anticipated or obvious. AstraZeneca must prove by clear and convincing evidence that its alleged prior art is prior art to the '314 and '162 patents. At the conclusion of the case, I will explain in more detail how you are to decide what is prior art to the '314 and '162 patents.]

[**AstraZeneca's Proposal**:[7] For some of the publications or other references that AstraZeneca asserts for its anticipation and obviousness defenses, the parties dispute whether they are "prior art" because the parties dispute the date of invention of the claims of the '314 and '162 patents. You must determine whether Wyeth has not proven that the date of invention of the '314 and '162 patents is earlier than the prior art. At the conclusion of the case, I will explain in more detail how you are to decide what is the date of invention of the claims of the '314 and '162 patents.]

---

[7] **AstraZeneca's Statement re: No. 10.5:** The parties in this case dispute the applicable date of invention (or priority date) for each of the '314 and '162 patents, and this is a dispute to be resolved by the jury. *E.g.*, *Integra Lifesciences Corp. v. Hyperbranch Medical Tech., Inc.*, C.A. No. 15-cv-819-LPS-CJB, D.I. 752 (Verdict Form) at 10 (D. Del.); *Leader Techs., Inc. v. Facebook, Inc.*, C.A. No. 08-cv-862-JJF/LPS, D.I. 610 (Verdict Form) at 3 (D. Del.). The Seventh Circuit Pattern Patent Instructions do not provide a sample preliminary instruction for this dispute. AstraZeneca therefore proposes a high-level instruction to signal to the jury that there is a dispute about the date of invention. AstraZeneca's proposal is adapted from the expected final instruction regarding the date of invention and controlling case law, which both make clear that it is Wyeth's burden, not AstraZeneca's. *See* Federal Civil Jury Instructions of the Seventh Circuit (Patents), § 11.3.4(A) (describing the plaintiff (or patent owner) with the burden to prove the date of invention); *PowerOasis, Inc. v. TMobile USA, Inc.*, 522 F.3d 1299, 1303- 06 (Fed. Cir. 2008) ("The district court therefore correctly placed the burden on [the patent owner] to come forward with evidence to prove entitlement to claim priority to an earlier filing date."); *Technology Licensing Corp. v. Videotek, Inc.*, 545 F. 3d 1316, 1328-29 (Fed. Cir. 2008) ("[The patent owner] has the burden of going forward with evidence either that the prior art . . . is not prior art because the asserted claim is entitled to the benefit of a filing date prior to the alleged prior art. This requires [the patent owner] to show not only the existence of an earlier application, but why the written description in the earlier application support the claim."); *see also Janssen Pharms., Inc. v. Tolmar, Inc.*, No. CV 21-1784-WCB, 2024 WL 834762, at *9 (D. Del. Feb. 26, 2024) (Bryson, J.).

<u>Submitted:</u> May 3, 2024

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Megan E. Dellinger* | */s/ Nathan R. Hoeschen* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Megan E. Dellinger (#5739)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>mdellinger@morrisnichols.com<br>tmurray@morrisnichols.com | Karen E. Keller (#4489)<br>Andrew E. Russell (#5382)<br>Nathan R. Hoeschen (# 6232)<br>Emily S. DiBenedetto (# 6779)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>edibenedetto@shawkeller.com |
| *Attorneys for Plaintiff/Counterclaim-Defendant* | *Attorneys for Defendants/Counterclaim Plaintiffs* |