IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   C.A. No. 21-1338-MFK |
| ASTRAZENECA PHARMACEUTICALS | ) |
| LP and ASTRAZENECA AB, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PRELIMINARY JURY INSTRUCTIONS**

TABLE OF CONTENTS

1. GENERAL INSTRUCTIONS ...................................................................................................1

    1.1. Functions of the Court and the Jury ..............................................................................1

    1.2. Order of Trial ................................................................................................................1

    1.3. Province of the Judge and Jury .....................................................................................2

    1.4. Evidence In The Case ...................................................................................................2

    1.5. Credibility of Witnesses ................................................................................................2

    1.6. Inferences .....................................................................................................................2

    1.7. What Is Not Evidence; Evidence for Limited Purpose ................................................2

    1.8. Rulings on Objections ..................................................................................................3

    1.9. Bench Conferences .......................................................................................................3

    1.10. Note-Taking .................................................................................................................3

    1.11. Judge's Questions ........................................................................................................4

    1.12. Jury Conduct ................................................................................................................4

2. THE PARTIES AND THE NATURE OF THE CASE ............................................................5

3. PATENTS .................................................................................................................................5

    3.1. The Patent System ........................................................................................................5

4. ISSUES TO BE DECIDED ......................................................................................................6

5. INFRINGEMENT: THE MEANING OF THE PATENT CLAIMS ......................................7

6. PERSON OF ORDINARY SKILL ...........................................................................................7

7. BURDEN OF PROOF ..............................................................................................................7

8. INFRINGEMENT; BURDEN OF PROOF ..............................................................................7

9. INFRINGEMENT .....................................................................................................................8

    9.1. Induced Infringement ....................................................................................................8

    9.2. Willful Infringement .....................................................................................................8

10. INVALIDITY ..................................................................................................................9

    10.1. General ...................................................................................................................9

    10.2. Written Description/Claiming Requirements ........................................................9

    10.3. Anticipation ..........................................................................................................10

    10.4. Obviousness .........................................................................................................10

11. DAMAGES ....................................................................................................................10

12. RULES GOVERNING CONDUCT OF JURORS ........................................................11

1.      **GENERAL INSTRUCTIONS**

    1.1.    **Functions of the Court and the Jury**

Ladies and gentlemen:  You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  At the end of the trial, I will give you more detailed instructions.  Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure.  From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

    1.2.    **Order of Trial**

The trial will proceed in the following manner:

First, an attorney for the Plaintiff Wyeth, LLC may make an opening statement.  Next, an attorney for the Defendants, AstraZeneca Pharmaceuticals LP and AstraZeneca AB (who will collectively be referred to as "AstraZeneca"), may make an opening statement.  An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Wyeth will call witnesses and present evidence.  Then, AstraZeneca will have an opportunity to call witnesses and present evidence.  After the parties' main cases are completed, the parties may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to this case.

After that, you will go to the jury room to deliberate on your verdict.

**1.3.    Province of the Judge and Jury**

Do not allow sympathy, prejudice, fear, or public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

**1.4.    Evidence In The Case**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find or the parties may agree or stipulate to.

A stipulation is an agreement between both sides that certain facts are true.

**1.5.    Credibility of Witnesses**

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also have to decide what weight, if any, you give to the testimony of each witness.

**1.6.    Inferences**

You should use common sense in weighing the evidence and consider the evidence in light of your observations in life.

In our lives, we sometimes look at one fact and conclude from it that another fact exists.  In law we call this an "inference."  A jury is allowed to make reasonable inferences.  Any inferences you make must be reasonable and must be based on the evidence in the case.

**1.7.    What Is Not Evidence; Evidence for Limited Purpose**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

- the attorneys' statements, arguments, questions, and objections of the attorneys;
- any testimony that I instruct you to disregard; and
- anything you may see or hear when the court is not in session, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

### 1.8. Rulings on Objections

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

### 1.9. Bench Conferences

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

### 1.10. Note-Taking

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impression of each juror about the testimony.

3

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

### 1.11. Judge's Questions

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

### 1.12. Jury Conduct

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others to discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me, you must give a signed note to the clerk to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

4

2.  **THE PARTIES AND THE NATURE OF THE CASE**

This is a patent case. It involves U.S. Patent Nos. 10,603,314 and 10,596,162. Patents are often referred to by their last three digits. I will call the patents in this case the '314 and '162 patents.

Wyeth owns the '314 and '162 patents, which relate to methods for treating patients having a form of non-small cell lung cancer that is resistant to certain drugs. During the trial, the parties will offer testimony to familiarize you with this subject matter.

Wyeth contends that AstraZeneca is liable for infringing the '314 and '162 patents because AstraZeneca induces doctors and other prescribing healthcare providers to prescribe and use AstraZeneca's Tagrisso® product in a manner that infringes claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent. Wyeth contends that it is entitled to recover damages caused by that induced infringement. Wyeth also contends that AstraZeneca's induced infringement is willful.

AstraZeneca denies that it has infringed or is infringing the '314 and '162 patents and contends that the '314 and '162 patents are invalid. Wyeth denies that the '314 and '162 patents are invalid. AstraZeneca also denies that its infringement has been willful and disputes that Wyeth is entitled to recover any damages. I will explain these contentions to you later. First, I will give you some background about the U.S. patent system, the parts of a patent, and how a person gets a patent.

3.  **PATENTS**

    3.1.  **The Patent System**

Patents are issued by the United States Patent and Trademark Office, which is part of our government. That office is sometimes referred to as the PTO.

The PTO grants a patent to the inventor for a set period of time, which, in this case, is 20 years from the time the application for the patent was filed.

During the term of the patent, if another person makes, uses, offers to sell, or sells in the United States or imports something that is covered by the patent without the patent owner's consent, that person is said to infringe the patent. The patent owner enforces a patent against persons believed to be infringers in a lawsuit in federal court, such as in this case.

The invention covered by a patent is described in the part of the patent that is called the "patent claim" or "patent claims." The patent claims are found in separately numbered paragraphs at the end of the patent. When I use the word "claim" or "claims," I am referring to those numbered paragraphs.

To be entitled to patent protection, an invention must be new, useful, and nonobvious. A patent is not valid if it covers a method that was already known or that was obvious at the time the invention was made. That which was already known at the time of the invention is called "prior art." I will give you more instructions about what constitutes prior art at the end of the case.

To help you understand what patents are and how they are obtained, you will now be shown a video produced by the Federal Judicial Center. The video will run for approximately 17 minutes. At the conclusion of the video, I will provide you with additional instructions.

[*The video will be played*].

**4.    ISSUES TO BE DECIDED**

I will now give you some information about the law and the issues that will be presented to you at this trial. At the close of the trial, I will give you specific instructions about the law you are to follow as you deliberate to reach your verdict. You must follow the law as I describe it to you.

5.     **INFRINGEMENT: THE MEANING OF THE PATENT CLAIMS**

As you assess the issues to be decided in this case, you must apply the meaning of the patent claims as I provide that meaning to you in the Final Instructions I will be giving at the end of the case. You will be provided the meaning of the patent claim terms during the course of the trial as well.

6.     **PERSON OF ORDINARY SKILL**

In these instructions, I will use the concept of a "person of ordinary skill in the field of the invention." In this case, the field of the invention is the treatment of non-small cell lung cancer. It will be up to you to decide the level of ordinary skill in that field. I will give you further instructions about this at the end of the case.

7.     **BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find" or "if you decide" by a preponderance of the evidence, this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

When I say that a particular party must prove something by "clear and convincing evidence," or when I use the expression "if you find" or "if you decide" by clear and convincing evidence, this is what I mean: When you have considered all of the evidence, you are convinced that it is highly probable that it is true. This is a higher burden of proof than "more probably true than not true."

8.     **INFRINGEMENT; BURDEN OF PROOF**

Wyeth contends that AstraZeneca induces and has induced infringement of the '314 and '162 patents. AstraZeneca denies these contentions. Wyeth is required to prove infringement by a preponderance of the evidence. This means that Wyeth must persuade you that their infringement

contentions are more probably true than not true. I will describe Wyeth's contentions regarding the issue of infringement.

## 9. INFRINGEMENT

### 9.1. Induced Infringement

Induced infringement is a form of patent infringement. Wyeth contends that AstraZeneca induced infringement of claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent. To succeed on this contention, Wyeth must prove that AstraZeneca knew of the '314 and '162 patents, and encouraged and/or instructed doctors and/or other prescribing healthcare providers to prescribe or use Tagrisso® in a manner that infringed the '314 and '162 patents, and knew or should have known that its acts would cause direct infringement of the '314 and '162 patents.

To establish direct infringement by doctors and other prescribing healthcare providers, Wyeth must prove that every requirement in the claim of the '314 patent or '162 patent that you are considering is found in the method of treatment performed by doctors' and other prescribing healthcare providers' prescriptions of Tagrisso®. A requirement of a claim is found in the doctors' or other prescribing healthcare providers' method of treatment if the requirement is in the method exactly as it is in the claim.

### 9.2. Willful Infringement

Wyeth contends that AstraZeneca infringed the '314 and '162 patents willfully. Infringement is willful if Wyeth proves by a preponderance of the evidence that AstraZeneca knew of the '314 and/or '162 patents and then engaged in deliberate or intentional infringement of Wyeth's rights, including in reckless disregard of Wyeth's rights. In making this determination, you should consider all of the evidence, including any evidence regarding whether AstraZeneca acted maliciously, deliberately, or in bad faith.

At the conclusion of the case, I will explain in more detail how you are to decide the issue of willful infringement.

## 10. INVALIDITY

### 10.1. General

AstraZeneca contends that claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent are invalid. Only a valid patent may be infringed.

The law presumes each claim of the '314 and '162 patents to be valid. For this reason, AstraZeneca has the burden of proving invalidity by clear and convincing evidence.

If you find that any one of the requirements for a valid patent is not met for a patent claim, then that claim is invalid. You must consider the issue of validity separately for each claim that is at issue.

I will now explain to you briefly the legal requirements for each of the grounds on which AstraZeneca relies to contend that the patent claims are invalid. I will provide more details for each ground in my final instructions.

### 10.2. Written Description/Claiming Requirements

AstraZeneca contends that claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent are invalid because the patents do not contain an adequate a written description of the invention or an enabling description of the invention. To succeed on this contention, AstraZeneca must prove that:

- A person with ordinary skill in the field who read the patent specification as of the date of invention would not have recognized that the inventor invented the full scope of the invention as defined by the patent claim, or

9

- The specification section of the patent does not contain enough information to enable a person of ordinary skill in the field of the invention to make and use the invention without undue experimentation.

I will explain in more detail at the end of the case how you decide these issues.

### 10.3. Anticipation

AstraZeneca contends that the invention covered by claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent is not new because it was "anticipated" by the prior art. "Prior art," in general, includes anything that was publicly known prior to Wyeth's invention. I will provide you with a more specific definition following the conclusion of the evidence.

To prove that a claim is anticipated by the prior art, AstraZeneca must prove by clear and convincing evidence that each and every requirement of the claim is present in a single item of prior art and that a person with an ordinary level of skill in the field of the invention who looked at the prior art would have been able to make and use the invention disclosed in the claim.

### 10.4. Obviousness

AstraZeneca contends that claims 1, 3, and 9 of the '314 patent and claim 1 of the '162 patent are invalid for obviousness. A patent claim is invalid for obviousness if a person with an ordinary level of skill in the field of the invention who knew about all the prior art existing at the time of the invention would have come up with the invention at that time. Unlike anticipation, obviousness may be shown by considering more than one item of prior art.

## 11.   DAMAGES

Wyeth contends that it has suffered damages as a result of AstraZeneca's induced infringement in the form of a reasonable royalty on each of AstraZeneca's sales of Tagrisso® used in an infringing manner. I will explain to you at the end of the case how a reasonable royalty is determined.

Wyeth must prove its damages by a preponderance of the evidence.

## 12. RULES GOVERNING CONDUCT OF JURORS

Next, a few words about your conduct as jurors.

First, during the trial, you may not discuss the case with anyone, including each other, and you may not permit anyone to discuss the case with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you may not discuss the case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, that is because they are not supposed to talk with you nor you with them. If anyone tries to talk to you about the case, bring it to my attention promptly via the court security officer. There are good reasons for this ban on discussions. The most important is the need for you to keep an open mind throughout the presentation of the evidence.

Second, do not read or listen to anything touching on this case in any way. If, for example, there may be a newspaper article, a radio or television report, or a posting online relating to this case, do not read, watch, or listen to the report. In addition, do not try to do any research or investigation on your own on matters relating to the case, including using the Internet. Everything you need to know about the case will be presented in court.

Most or all of you use cell phones, smart phones, tablets, and other portable electronic devices, as well as laptops and other computers. You must not use these or other electronic devices to communicate with anyone about the case or to get information about the case, about the parties, or about any of the witnesses or lawyers involved in the case. You may not communicate with anyone about the case on your cell phone, through email, text messaging, social media, Facebook, Snapchat, Twitter, Instagram, or through any blog or website. You may not use any similar technology or social media to get information about this case, even if I have not specifically mentioned it here.