IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PUMA BIOTECHNOLOGY, INC. and WYETH LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 21-1338 (MFK) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated May 17, 2024 (D.I. 455), the parties hereby submit this Joint Status Report regarding the advisability of entering non-final judgment addressing the claims and defenses that have been decided.

I. **Wyeth's Positions:**

a) ***Entry of Non-Final Judgment***: Wyeth believes a non-final judgment is unnecessary at this juncture. The verdict adequately reflects the issues decided by the jury, and a judgment can be entered once the remaining issues in the case (as discussed in the next paragraph) are resolved. Moreover, pursuant to D.I. 455, the Court has already set a briefing schedule that any post-trial motions for new trial and/or judgment as a matter of law are due by June 14, 2024 (i.e., Rule 50(b) and Rule 59(b) motions). And although D.I. 455 does not address timing for Wyeth's expected Rule 59(e) motions on supplemental damages, ongoing royalties, or pre- and post-judgment interest, Wyeth intends to seek relief under Rule 59(e) promptly and has already reached out to AstraZeneca to obtain supplemental sales information, and a briefing schedule on Wyeth's Rule 59(e) motions can be established without need for entry of a non-final judgment. Nonetheless, if the Court prefers to enter a non-final judgment for certainty as to Wyeth's Rule

59(e) deadline or for any other reason, Wyeth is amenable to entry of a non-final judgment, with Wyeth's Rule 59(e) motion due 28 days thereafter.  However, in order for Wyeth to effectively address its requests, and particularly its requests for supplemental damages (i.e., for infringement from January 1, 2024 through entry of judgment) and ongoing royalties (i.e., from entry of judgment through patent expiration), AstraZeneca must provide supplemental sales information, which Wyeth has already requested from AstraZeneca both after the verdict and previously in Wyeth's motion to compel (Mar. 22, 2024, Hr'g Tr. at 13:6-14:3), and Wyeth also identified these requests for relief in the parties' April 9, 2024 Joint Pretrial Order at ¶ 9, D.I. 381.  Wyeth thus requests that any non-final judgment (or other Court order) include a directive that AstraZeneca produce the supplemental sales information for January 1, 2024, through April 30, 2024 (given AstraZeneca's monthly accounting), within 5 days of entry of a non-final judgment, as discussed next along with other requested modification to AstraZeneca's proposed language.[1]

---

[1] **Wyeth's Statement:** Wyeth requested supplementation from AstraZeneca by May 24, 2024.  On the morning of May 22, 2024, at AstraZeneca's request, Wyeth further provided a lengthy email providing legal bases for its request for information and the appropriateness of assessing supplemental damages, ongoing royalties, and pre- and post-judgment interest.  Wyeth has yet to receive a response or any reciprocal legal authority supporting AstraZeneca's resistance on these issues.  Notwithstanding communications between the parties on this request, and notwithstanding the Court's expectation that this "tail" of data would be provided, as stated on the record in granting Wyeth's motion for supplemental sales data from AstraZeneca (*see* Mar. 22, 2024, Hr'g Tr. at 13:6-14:3), AstraZeneca thus far has not committed to providing any supplementation.  In addition, since the filing of the Complaint in 2021, AstraZeneca has been on notice of Wyeth's intention to seek the full scope of additional monetary relief permitted by law and recited in this filing and in Wyeth's communications to AstraZeneca, and Wyeth also explicitly identified these same requests for relief in the parties' Joint Pretrial Order (D.I. 381 at ¶ 9).

**AstraZeneca's Statement**: AstraZeneca does not agree that Wyeth fairly or accurately represents the record or the parties' communications. For example, neither Wyeth's "lengthy email" nor any of Wyeth's other communications address several of AstraZeneca's outstanding questions, including any support for its position that the requested supplementation or additional monetary relief is appropriate at this stage in the proceedings, much less that any such supplementation is justified on the demanding schedule that Wyeth requests. Moreover, given that less than two days have passed since receiving Wyeth's initial request for document supplementation, AstraZeneca

AstraZeneca's proposed language for a non-final judgment (set forth in AstraZeneca's Position below) injects confusion into remaining issues, especially relating to supplemental damages, ongoing royalties, and pre- and post-judgment interest. If the Court is nonetheless inclined to enter a non-final judgment, Wyeth respectfully requests the following revisions to AstraZeneca's proposed language to address the injected confusion:

1. An added paragraph (or a separate Court order) stating: "No later than 5 days after entry of non-final judgment, AstraZeneca must produce profit and loss statements and demand unit data from January 1, 2024 through April 30, 2024, for Tagrisso's 2L sales and pre-treatment indication sales (1L and Adjuvant)."

2. Revisions to AstraZeneca's Final (Unnumbered) Paragraph to include the language in bold here, to reflect that Wyeth's requests for additional monetary relief remain pending: "This judgment is non-final, non-appealable, and subject to modification based on the Court's ruling on the parties' post-trial motions brought with respect to these issues under Federal Rules of Civil Procedure 50 and 59. In addition, final judgment will not be entered in this case until all issues, including outstanding invalidity and equitable defenses **and Wyeth's requests for supplemental damages, ongoing royalties**, **and pre- and post-judgment interest** are resolved."

---

has not had reasonable opportunity to ascertain what information is available and when it could be produced. As AstraZeneca has previously explained to Wyeth during efforts to supplement damages information prior to trial, producing the requested data is not the simple task of producing a "monthly accounting" as Wyeth suggests. To be clear, setting aside whether Wyeth's request is proper at this stage, AstraZeneca does not yet know if would even be possible to produce the requested information within "five days." Over the past day and a half, AstraZeneca has repeatedly agreed to consider these issues but has explained that as of May 22, 2024, this issue is premature for consideration by the Court.

**b)**   *Post-trial motions in light of the jury verdict:*

  **i.**   *Court's Oral Order (D.I. 455):* Wyeth agrees with AstraZeneca that, pursuant to D.I. 455, "[m]otions for new trial and/or for judgment as a matter of law based on the jury's determinations and verdict" are to be filed by June 14, 2024.

  **ii.**  *Page Limits for Post-Trial Briefing:* Wyeth disagrees with AstraZeneca that there should be a departure from L.R. 7.1.3(a)(4), which provides 20 pages for opening and answering briefs and 10 pages for reply briefs. Accordingly, post-trial motions for a new trial and/or judgment as a matter of law (D.I. 455) should not exceed a combined total of 20 pages for a side's opening brief, 20 pages for a side's answering brief, and 10 pages for a side's rely brief. When Wyeth files its Rule 59(e) motions, Wyeth intends to comply with the same limits that apply to post-trial motions for a new trial and/or judgment as a matter of law.

  **iii.** *Supplemental Damages, Ongoing Royalties, and Pre- and Post-Judgment Interest.* As noted above, Wyeth seeks additional relief in light of the jury verdict: (i) supplemental damages for infringing sales through entry of final judgment (i.e., from January 1, 2024 through entry of final judgment), (ii) ongoing royalties for the remaining life of the patents (i.e., from entry of final judgment through the patents' expiration on February 2, 2026), (iii) pre-judgment interest, and (iv) post-judgment interest.[2] Unless the parties can agree on these amounts, these are all matters that Wyeth will need to brief to the Court. *See, e.g.*, 35 U.S.C. § 284 (interest and costs); 28 U.S.C. § 1961 (post-

---

[2] Per L.R. 54.1(a), Wyeth's bill of costs is not due until "14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court."

judgment interest); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 985 (Fed. Cir. 2021) (pre-verdict supplemental damages to account for sales through the jury's verdict); *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008) (post-judgment, ongoing damages); *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1370 (Fed. Cir. 2017) (same). In an effort to reach agreement on these outstanding monetary issues, Wyeth proposes that the parties confer as to these issues, and that the parties include in the June 4 Joint Status Report the status of these issues.[3] If the parties cannot reach agreement on all of these issues by June 4, and assuming no non-final judgment is entered, Wyeth proposes that it thereafter bring a motion on the remaining issues according to a briefing schedule set by the Court or that the parties propose in the June 4 Joint Status Report.

***Scheduled Bench Trial***: AstraZeneca's equitable and indefiniteness counterclaims/defenses are scheduled for a bench trial to be held June 17, 18, and 20, 2024, with a Joint Status Report due by June 4, 2024 (D.I. 445). Given the specifics of the jury verdict and in light of the Court's pretrial and trial rulings in relation to the jury trial, Wyeth does not believe that AstraZeneca has a good-faith basis to maintain most, if not all, of these bench-trial claims and defenses. Wyeth has requested by letter to AstraZeneca that it withdraw these claims and defenses. If the bench trial is nonetheless held, Wyeth proposes that the parties, as part of the June 4 Joint Status Report, propose a post-bench trial briefing schedule for submission of final Proposed

---

[3] To start this process, Wyeth has asked AstraZeneca to provide, no later than May 24, 2024, updated sales, profit, and loss data and demand units by indication since December 31, 2023 (the last data provided and presented to the jury).

Findings of Fact and Conclusions of Law to account for subsequent developments, including the bench trial, since the parties previously submitted Proposed Findings of Fact and Conclusions of Law (submitted April 9, 2024).

## II. AstraZeneca's Positions:

### a) *Entry of Non-Final Judgment:*

A non-final judgment as to the issues decided by the jury is appropriate at this time. The Court has set a briefing scheduling for motions for a new trial and/or judgment as a matter of law based on the jury's determinations and verdict. *See* D.I. 455. According to the Federal Rules of Civil Procedure, each of these motions should be filed "no later than 28 days after entry of judgment." *See* Fed. R. Civ. P. 50, 59. Entry of a non-final judgment is therefore proper.

### i. Proposed Non-Final Judgment:

AstraZeneca proposes the following language for a non-final judgment in this case:

> Whereas, the Court having held a jury trial and the jury having rendered a unanimous verdict on May 17, 2024, *see* D.I. 456, 457, pursuant to Federal Rule of Civil Procedure 58(b),
>
> IT IS HEREBY ORDERED that:
>
> 1.    Judgment is entered in favor of Plaintiff Wyeth LLC ("Wyeth") and against Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca AB (collectively, "AstraZeneca") that AstraZeneca induced infringement of claims 1, 3, and 9 of U.S. Patent No. 10,603,314 and claim 1 of U.S. Patent No. 10,596,162 (collectively, the "asserted claims").
>
> 2.    Judgment is entered in favor of AstraZeneca and against Wyeth that AstraZeneca did not willfully infringe the asserted claims.
>
> 3.    Judgment is entered in favor of Wyeth and against AstraZeneca that the asserted claims are not invalid under 35 U.S.C. § 112 for lacking written description or enabling support.
>
> 4.    Judgment is entered in favor of Wyeth and against AstraZeneca that the asserted claims are not invalid under 35 U.S.C. § 102 and § 103 as anticipated or obvious.

        5.       Judgment is entered in favor of Wyeth and against AstraZeneca for damages in the amount of $107,500,000 for its past infringement through December 31, 2023.

       This judgment is non-final, non-appealable, and subject to modification based on the Court's ruling on the parties' post-trial motions brought with respect to these issues under Federal Rules of Civil Procedure 50 and 59. In addition, final judgment will not be entered in this case until all issues, including outstanding invalidity and equitable defenses, are resolved.

    **ii.**    **Response to Wyeth's Additional Language**:

As to Wyeth's proposed additions or edits, *see supra* Section I(a) and n.1, AstraZeneca has not had a full opportunity to consider or respond to Wyeth's positions and arguments, which were not provided to AstraZeneca until 3:40 pm ET on May 22, 2024. In any event, AstraZeneca does not agree that it is proper to include with the non-final judgment any separate order related to AstraZeneca's production of additional profit and loss and/or demand unit data, or language relating to Wyeth's requests for additional monetary relief. Wyeth has not identified any support for its suggestion that its requested language is properly included in the non-final judgment. Indeed, the production of additional information is not compelled by the jury's verdict, but instead depends on other unresolved issues. AstraZeneca notes that Wyeth made its first request for production of such information on May 20, 2024, and still has not responded to AstraZeneca's request that it explain why such supplementation is appropriate at this stage in the proceedings, including while additional invalidity and unenforceability defenses remain outstanding. AstraZeneca has not had the opportunity to consider Wyeth's request or an opportunity to evaluate what supplementation may even be practicable. At a minimum, production of profit and loss and/or demand unit data on a monthly basis as sought by Wyeth is not only unjustified but appears not to be feasible. And as explained above, *see supra* n.1, AstraZeneca does not know whether it would even be possible to produce supplemental data through April 1, 2024 "within five days."

For similar reasons, AstraZeneca does not agree that Wyeth's request for additional relief should be referenced in the non-final judgment. Wyeth has not responded to AstraZeneca's request for more information about Wyeth's positions, including its position and legal basis as to appropriate time for addressing Wyeth's request for additional relief.

As AstraZeneca has repeatedly explained to Wyeth, Wyeth's requests regarding supplementation and additional relief are premature and should not yet be submitted to the Court, much less included in the non-final judgment related to the jury's verdict. Instead, AstraZeneca should first be provided adequate notice of Wyeth's positions and should be provided a reasonable opportunity to confer with Wyeth and its client. AstraZeneca agrees that the parties may provide an update concerning the status of these issues with the June 4, 2024 status report, *see* D.I. 445.

b) *Motions for a New Trial and/or Judgment as a Matter of Law Based on the Jury's Determinations and Verdict:*

    i.    **Court's Oral Order (D.I. 455)**:

Pursuant to D.I. 455, "[m]otions for new trial and/or for judgment as a matter of law based on the jury's determinations and verdict" are to be filed by June 14, 2024. For the avoidance of doubt, AstraZeneca understands that relief other than that specified in the Court's oral order may be sought or will be due at a later date, including at a date following the already-scheduled bench trial.

    ii.    **Page Limits for Briefing**:

To efficiently address all motions for a new trial and/or judgment as a matter of law, AstraZeneca proposes that motions filed pursuant to the Court's oral order (D.I. 455) should be filed in one motion with a combined limit of 40 pages for opening briefs, 40 pages for responsive briefs, and 20 pages for replies. As the Court has acknowledged, the jury's determinations and verdict addressed a number of complex issues related to both infringement and invalidity.

AstraZeneca proposes to combine all motions into one filing to efficiently streamline the briefing submitted to the Court but requests that adequate space be provided to brief these issues. Wyeth's suggestion that all motions should be limited to 20 pages for opening briefs (and 20 pages for responsive and 10 pages for reply briefs) does not provide reasonable opportunity to describe the bases for a new trial and/or judgment as a matter of law.

    c) *Scheduled Bench Trial:*

        i. **Response to Wyeth's Position**:

AstraZeneca agrees that AstraZeneca's equitable and indefiniteness counterclaims/defenses are scheduled for a bench trial to be held June 17, 18, and 20, 2024, with a Joint Status Report due by June 4, 2024 (D.I. 445). AstraZeneca has received Wyeth's letter sent yesterday afternoon on May 21, 2024. AstraZeneca is working to provide a prompt response. AstraZeneca provides a preliminary response here only to address Wyeth's statement in this Status Report. Setting the bench trial to resolve these outstanding issues is consistent with the parties' previous agreement that these defenses are appropriately resolved by the Court, not the jury, and should be decided at a later, separate bench trial. D.I. 381 (Joint Pretrial Order) at ¶¶ 75–76; D.I. 363 (Stipulation and Order) at 3. Setting that aside, AstraZeneca does not agree that these issues have been decided, or could be appropriately resolved, by the jury verdict. Indeed, at Wyeth's insistence, substantial evidence relevant to these defenses was not presented to the jury. D.I. 381 (Joint Pretrial Order) at ¶ 77; D.I. 391 (Wyeth's Motion in Limine No. 6) at 14; Apr. 30 Pre-Trial Conference Transcript at 89–90.

        ii. **Wyeth's Request for Briefing After the Bench Trial**:

As to Wyeth's proposal that, as part of the June 4 Joint Status Report, the parties propose a post-bench trial briefing schedule for submission of final Proposed Findings of Fact and

Conclusions of Law to account for the bench trial, *see supra* Section I(c), AstraZeneca defers to the Court to advise whether it believes briefing following the June bench trial would be helpful.

    **d)** *Wyeth's Requests for "Additional Relief":*

As AstraZeneca addressed above with regard to Wyeth's proposed edits to a non-final judgment in this case, Wyeth has not provided any legal support demonstrating that it is appropriate to consider its demand for "additional relief" or supplemental damages information at this stage in the proceedings, *see supra* Sections I(a) and I(b)(iii), including at a time when additional invalidity and equitable defenses that have the potential to render any damages moot are yet to be resolved by the Court and an appeal may be taken. As such, presentation of this issue to the Court is premature and at a minimum, should not be submitted to the Court at least until AstraZeneca is provided adequate notice of Wyeth's position and the parties have had a reasonable opportunity to confer. AstraZeneca agrees that the parties may provide an update concerning the status of these issues with the June 4, 2024 status report, *see* D.I. 445.

**III.**   **Agreed Issues:**

    **a)** *Responses to Rule 50(a) Motions Filed During the Jury Trial:* In light of the Court's order setting a schedule for filing motions for a new trial and/or judgment as a matter of law based on the jury's determinations and verdict, *see* D.I. 455, and absent an order to the contrary from the Court, the parties understand that no responses are expected to the Rule 50(a) motions filed during the course of the jury trial, *see, e.g.*, D.I. 448.

    **b)** *Scheduling for Motions for a New Trial and/or Judgment as a Matter of Law Based on the Jury's Determinations and Verdict (D.I. 455):* The parties agree that the default briefing schedule (L.R. 7.1.2(b)) shall apply and that any responses to motions

filed in response to D.I. 455 should be due June 28, 2024, and any replies would be due July 5, 2024.

c) *Errata to Trial Transcript:*  The parties propose that the parties jointly file errata to the jury trial transcript for May 13 to May 17, 2024, prior to the submission of the post-trial motions due according to the Court's order (D.I. 455) on June 14, 2024.  Specifically, the parties propose that they exchange proposed errata by no later than May 29, 2024, and meet and confer by no later than May 31, 2024.  Errata to the trial transcript shall jointly be filed on the docket by no later than June 5, 2024.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | SHAW KELLER LLP |
| */s/ Megan E. Dellinger* | */s/ Andrew E. Russell* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Megan E. Dellinger (#5739)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box. 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>mdellinger@morrisnichols.com<br>tmurray@morrisnichols.com | Karen E. Keller (No. 4489)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>Emily S. DiBenedetto (No. 6779)<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>edibenedetto@shawkeller.com |
| OF COUNSEL: | OF COUNSEL: |
| Anthony M. Insogna<br>Meredith A. Stewart<br>Miguel A. Alvarez<br>JONES DAY<br>4655 Executive Drive<br>Suite 1500<br>San Diego, CA 92121-3134<br>(858) 314-1200 | Christopher N. Sipes<br>Einar Stole<br>Megan P. Keane<br>Eric R. Sonnenschein<br>Kaveh V. Saba<br>Pricilla Dodson<br>Alexander Trzeciak<br>Ashley Winkler<br>Melissa Keech |
| Gasper J. LaRosa<br>JONES DAY<br>250 Vesey Street<br>New York, NY 10281<br>(212) 326-3939 | Tobias Ma<br>Elaine Nguyen<br>Robert T. McMullen<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC 20001-4956<br>(202) 662-6000 |
| Jason G. Winchester<br>Bethany K. Biesenthal<br>Michelle B. Smit<br>Jeffrey S. Messing<br>JONES DAY<br>110 N. Wacker, Suite 4800<br>Chicago, Illinois 60606<br>(312) 782-3939 | *Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca AB* |
| Alexis Adian Smith<br>JONES DAY | |

555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
(213) 243-1542

Jennifer Swize
Daniele San Román
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

Sara T. Horton
Ren-How Harn
Henry C. Thomas
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654-3406
(312) 728-9040

*Attorneys for Wyeth LLC*

May 22, 2024