IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WYETH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **PUBLIC VERSION** |
| | ) | |
| v. | ) | C.A. No. 21-1338 (MFK) |
| | ) | |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) | ▮▮▮▮▮▮▮▮▮▮ |
| Defendants. | ) ) | ▮▮▮▮▮▮▮▮▮▮ |

## WYETH'S OBJECTIONS TO EXHIBITS FOR WEDNESDAY MAY 15, 2024

Pursuant to the dispute resolution procedure in ¶ 63 of the Proposed Joint Pretrial Order (D.I. 381), Wyeth objects to certain exhibits AstraZeneca intends to use with Dr. Paul Reider, Dr. Pasi Jänne, Dr. David R. Taft, Dr. Trever Bivona (and a related demonstrative), and Ms. Carla Mulhern. The objected to exhibits are:

- DTX-105 (used with Jänne) (Ex. A)
- DTX-116 (used with Reider) (Ex. B)
- DTX-140 (used with Jänne) (Ex. C)
- DTX-145 (used with Jänne and Taft) (Ex. D)
- DTX-196 (used with Jänne) (Ex. E)
- DTX-0616 (used with Bivona) (Ex. F) (and demonstrative, Ex. G, DDX5-17)
- DTX-0636 (used with Mulhern) (Ex. H)
- DTX-1290 to DTX-1300 (used with Mulhern).[1]

---

[1] DTX-1290 – DTX-1300 (Mulhern) are voluminous Flatiron Excel spreadsheets. Wyeth can make available to the Court native copies of the exhibits on a flash drive.

### I. DTX-105, DTX-116, DTX-140, DTX-145, DTX-196

DTX-105 (Sequist 2010) (Ex. A): In its Order on Defendants' Motion for Reconsideration and/or Clarification, the Court confirmed exclusion of this exhibit. D.I. 436 at 5.

DTX-116 (Learn) (Ex. B): FRE 401-403; March 29, 2024 case-narrowing agreement. AstraZeneca withdrew this reference from its asserted prior art grounds. Ex. I [Mar. 29, 2024, AZ Case Narrowing Letter]. Its intent to use this document to interpret a reference it has maintained (Allen) is an improper end-run of the prior-art-narrowing process and limits. It also would violate the anticipation standard for AstraZeneca to use this reference with its anticipatory reference. *See*, *e.g*., *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) ("[I]nvalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation.").

DTX-140 (Reckamp) (Ex. C): FRE 401-403. This exhibit is not relevant because it concerns "A Phase 2 Trial," governed by FDA requirements rather than patentability, and even if relevant, the likelihood of jury confusion and unfair prejudice outweighs any potential relevance.

DTX-145 (Settleman) (Ex. D): FRE 401-403. This exhibit describes the FDA approval process, which the Court has recognized has different requirements than patentability. D.I. 419 at 3.

DTX-196 (Li) (Ex. E): FRE 401-403. This exhibit is solely focused on FDA clinical trial results in a small patient population. Any potential relevance is significantly outweighed by its unfair prejudice and potential for confusion.

## II. DTX-0616, DTX-0636, & DTX-1290 – DTX-1300

Wyeth objects, pursuant to Fed. R. Evid. 402/403, 602, 901, and Fed. R. Civ. P. 26, to Exhibits DTX-0636, DTX-1290 – DTX-1300, third-party data that is created and kept by a company called Flatiron, DTX-0616 (Ms. Mulhern's summary of the underlying Flatiron) (Ex. F), and demonstrative DDX5-17 (Ex. G). It is unclear how the data in these Flatiron spreadsheets is recorded or even what the data means. AstraZeneca cannot authenticate this data or provide foundation and has made no effort to do so. There is no one from Flatiron to tell us how this data is gathered or kept, whether it is reliable, or even to tell us what it is.

None of AstraZeneca's witnesses shed any light on these issues. Dr. Bivona never even reviewed the underlying data. Ex. J [Bivona's Materials Considered] at 19 (not listing Flatiron documents). Instead, he takes Ms. Mulhern's summary table (DTX-0616, Ex. F) at face value. Ex. J [Report] at ¶ 116.

Ms. Mulhern was provided the data from AstraZeneca. She does not know where AstraZeneca obtained this third-party data from, whether AstraZeneca manipulated the Flatiron data before production, or what exactly is even recorded in the data. Ex. L [Mulhern Dep.] at 117:7-9, 117:16-20, 118:11-15, 127:13-19, 130:17-132:4, 137:16-141:14, 145:5-15. She has no knowledge from Flatiron regarding the data. ███████████████████████

███████████████████████████████████████████████████████████████████████████████

███████ *Id.* at 101:18-25, 139:9-16.

Ms. Miller, AstraZeneca's remaining fact witness, cannot solve these authentication and foundation issues. Ms. Miller testified that a different group within AstraZeneca, one she is not part of, may use Flatiron data in some capacity, but she did not offer any testimony to resolve the authenticity issues surrounding these documents. Ex. K [Miller Dep.] 96:01-08, 110:14-111:05. Moreover, the Flatiron data was not produced until after Ms. Miller's deposition, so Wyeth was

3

not able to ask her questions about it, so she should not be permitted to offer any testimony regarding this data during the middle of trial, as it would constitute a late disclosure that would unfairly prejudice Wyeth.

Finally, given the sheer lack of authentication of these exhibits, there is a substantial risk of juror confusion should the exhibits be show to the jury, particularly because AstraZeneca's experts will be relying on these exhibits and will be telling the jury that the documents and data are what they say they are, when the witnesses themselves do not actually know.

| | |
|---|---|
| OF COUNSEL:<br><br>Anthony M. Insogna<br>Meredith A. Stewart<br>Miguel A. Alvarez<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA  92121-3134<br>(858) 314-1200<br><br>Gasper J. LaRosa<br>JONES DAY<br>250 Vesey Street<br>New York, NY  10281<br>(212) 326-3939<br><br>Jason G. Winchester<br>Bethany K. Biesenthal<br>John M. Michalik<br>Michelle B. Smit<br>Jeffrey S. Messing<br>JONES DAY<br>110 N. Wacker Drive, Suite 4800<br>Chicago, IL  60606<br>(312) 782-3939<br><br>Alexis Adian Smith<br>JONES DAY<br>555 South Flower Street, Fiftieth Floor<br>Los Angeles, CA  90071<br>(213) 243-1542<br><br>Jennifer Swize<br>Daniele San Román<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, DC  20001-2113<br>(202) 879-3939<br><br>*Attorneys for Wyeth LLC*<br><br>May 15, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Megan E. Dellinger*<br><br>_____<br>Jack B. Blumenfeld (#1014)<br>Rodger D. Smith II (#3778)<br>Megan E. Dellinger (#5739)<br>Travis J. Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>rsmith@morrisnichols.com<br>mdellinger@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Wyeth LLC*<br><br><br>Sara T. Horton<br>Ren-How Harn<br>Henry C. Thomas<br>WILKIE FARR & GALLAGHER LLP<br>300 North LaSalle<br>Chicago, IL  60654-3406<br>(312) 728-9040<br><br>*Attorneys for Wyeth LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 15, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller, Esquire<br>Andrew E. Russell, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |
| Christopher Sipes, Esquire<br>Einar Stole, Esquire<br>Kaveh Saba, Esquire<br>Priscilla Dodson, Esquire<br>Megan Keane, Esquire<br>Eric R. Sonnenschein, Esquire<br>Ashley Winkler, Esquire<br>Melissa Keech, Esquire<br>Elaine Nguyen, Esquire<br>Tobias Ma, Esquire<br>Alexander Trzeciak, Esquire<br>Robert T. McMullen, Esquire<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street NW<br>Washington, DC  20001<br>*Attorneys for Defendants* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)