IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WYETH LLC, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) C.A. No. 21-1338-MFK |
| ASTRAZENECA PHARMACEUTICALS LP and ASTRAZENECA AB, | ) ) ) ) |
| Defendants. | ) ) ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order dated May 16, 2024 (D.I. 445), the parties hereby submit this Joint Status Report.

**I.   AstraZeneca's Position:**

At the upcoming bench trial, AstraZeneca intends to present testimony and evidence related to its equitable defenses that the asserted claims are unenforceable due to unclean hands, implied waiver, and patent misuse in connection with Wyeth's misconduct before the FDA concerning the listing of the Patents-in-Suit in the FDA Orange Book, in addition to AstraZeneca's invalidity defense that the asserted claims are indefinite. *See* D.I. 381, Attachment 8A (AstraZeneca's Proposed Findings of Fact and Conclusions of Law on Equitable Defenses and Indefiniteness), at Sections II(A)(1), II(B), II(C), & III.

As AstraZeneca informed Wyeth in a letter dated May 24, 2024, in light of the Court's prior rulings (D.I. 419 at 3–6), AstraZeneca does not intend to pursue its unclean hands defense related to pre-litigation conduct before the PTO at the upcoming bench trial. *See* D.I. 381,

1

Attachment 8A, at Section II(A)(2).[1]

      a)      **Bench Trial Witnesses:** AstraZeneca intends to call live Dr. Benjamin Levy, a practicing clinician with over 20 years treating patients with NSCLC, to testify regarding AstraZeneca's indefiniteness defense. In addition, AstraZeneca intends to call live Mr. Scott Lassman, an expert with over 30 years of experience with FDA regulatory law, FDA practice, and FDA policy issues. Consistent with the parties' pretrial order (D.I. 381), AstraZeneca also plans to call witnesses by designation according to the procedures in the parties' Joint Pretrial Order.

      b)      **Bench trial scheduling**: In light of the reduction in issues for the bench trial, AstraZeneca agrees that the parties need less than the originally-planned three days for the bench trial. However, AstraZeneca disagrees that the bench trial can be completed in one day. AstraZeneca estimates that its case, which relates to four defenses that were not presented during the jury trial, will take approximately 6 hours, including expert testimony, deposition designations, closing argument, and admission of any other evidence. As a result, subject to the Court's availability, AstraZeneca proposes that the parties proceed with testimony from Dr. Weiss on June 18 (the only witness available on that date), as well as deposition designations and any additional evidence (e.g., discovery responses) that the parties intend to offer. Dr. Levy's testimony, Mr. Lassman's testimony, Mr. Troy's testimony, and closing arguments would take place on June 20. AstraZeneca recognizes that this proposal requires Dr. Weiss to testify out of order, but as the Court recognized during scheduling of the bench trial, Trial Tr. 542:10–15, it may be necessary to take witnesses out of order so that the parties can complete the bench trial during the requested

---

[1] AstraZeneca respectfully disagrees with the cited rulings and reserves the right to appeal or seek other available relief.

week. Dr. Weiss is the only witness available on June 18.[2]

In light of Wyeth's preference that Dr. Weiss testify after Dr. Levy and if the Court has sufficient time on June 20, as an alternative, AstraZeneca proposes that all live witnesses and closing arguments take place on June 20, with witnesses called by designation and any additional evidence to be presented to the Court on June 18 or via written submission, subject to the Court's preference. AstraZeneca estimates that its live testimony (including direct and cross) and closing will be no more than 5 hours. Wyeth has not provided its estimated time.

        c)      **Opening Statements and Closing Arguments:** The Court has indicated that it does not wish to hear opening statements at the bench trial, but will allow closing arguments. May 28, 2024 Case Management Conference, 11:2–20. In light of the Court's instructions as well as the fact that AstraZeneca will present four defenses at the bench trial, AstraZeneca requests no more than 45 minutes per side for closing arguments. Because AstraZeneca bears the burden on the bench trial issues, AstraZeneca proposes that it should be permitted to reserve time for rebuttal.

**II.**    **Wyeth's Position:**

After the jury trial was completed, AstraZeneca indicated that it was abandoning its equitable defense of unclean hands directed to the prosecution of the Patents-in-Suit. This decision reduces the number of witnesses for the bench trial from six witnesses to four (i.e., there will be two witnesses per side for the bench trial, all of whom are expert witnesses). Given that reduction, Wyeth believes that the bench trial can and should be completed on June 20, 2024 (when both

---

[2] Dr. Levy, AstraZeneca's expert witness on indefiniteness, is a practicing clinician with patients scheduled for June 17 and 18 who cannot be rescheduled. He is not available to testify remotely or in-person on that date. Mr. Lassman, AstraZeneca's witness on FDA regulatory issues is traveling internationally and unavailable until June 20.

sides' witnesses are available), without the need for any additional trial days. Regarding anticipated witnesses and evidence, Wyeth states that:

a) **Witnesses:** Wyeth intends to present two witnesses at the bench trial, to respond to AstraZeneca's remaining claims and defenses. Daniel Troy is the former Chief Counsel of FDA, and will respond to AstraZeneca's theories of patent misuse, unclean hands, and implied waiver as related to the Orange Book listings of Pfizer's Vizimpro® product. Dr. Glen Weiss will respond to AstraZeneca's defense of indefiniteness.

b) **Bench Trial Scheduling:** Both Dr. Weiss and Mr. Troy are available to give their testimony on June 20, 2024. Mr. Troy will testify in person, and Dr. Weiss will testify virtually by video. AstraZeneca "proposes that the parties proceed with testimony from Dr. Weiss on June 18," meaning Dr. Weiss would be forced to testify *before* AstraZeneca's expert opining on indefiniteness (Dr. Levy). But AstraZeneca bears the burden of proof on all matters for the bench trial. Dr. Weiss is testifying in a purely responsive posture, and before he testifies he should be allowed to hear the actual opinions offered by Dr. Levy. Further, it is Wyeth's understanding that the Court's statements regarding witnesses going out of order referred to the issues on which the witnesses are testifying, and was not requiring a witness providing responsive testimony to testify *before* the expert to whom he is responding. If AstraZeneca believes that the parties cannot present all evidence on June 20 and that an additional trial day is necessary, then Wyeth proposes that all live witnesses and closing arguments take place on June 20, with witnesses called by deposition designation and any additional evidence to be presented to the Court on June 18 or via written submission, subject to the Court's preference.

Further, it is Wyeth's position that the bench trial should take no longer than one day, and that AstraZeneca's estimate that its case "will take approximately 6 hours" is excessive. As an

initial matter, that is *more than half* the time AstraZeneca needed for the entire jury trial—where AstraZeneca completed *ten* direct examinations, numerous deposition designations and cross-examinations, and a one-hour closing in under 11 hours. The bench trial involves at most four witnesses total, two experts for each side. Moreover, the two experts who will testify about AstraZeneca's defenses related to the FDA Orange Book listing of Pfizer's Vizimpro product—Mr. Lassman (for AstraZeneca) and, in response, Mr. Troy (for Wyeth)—are *legal* experts, not scientists or medical practitioners. Their testimony is limited to FDA laws and procedures—matters about which the Court could take judicial notice—and thus neither witness should require a significant amount of time to testify. Given the limited nature of the remaining issues, Wyeth proposes that the parties be limited to a maximum of 3.5 hours of live trial time per side—i.e., direct and cross examinations of the four testifying expert witnesses, and closing arguments—for the bench trial.

To the extent the parties intend to introduce deposition designations that are not already in evidence, the parties can provide designated transcripts for the Court to take into evidence, without having to take the time to play the testimony or read it into the record. To the extent the Court prefers that the parties play the designated testimony, or read it into the record, the parties can play or read all deposition designations on June 18, reserving the live witness testimony for June 20.

      **c)**      **Opening Statements and Closing Arguments:** The Court has indicated that it does not wish to hear opening statements at the bench trial, but will allow closing arguments. May 28, 2024 Case Management Conference, 11:2-20. Wyeth respectfully submits that 20 to 30 minutes per side should be more than sufficient for closing arguments.

**III.    Agreed-Upon Bench Trial Procedures:**

a)    **Proposed Findings of Fact and Conclusions of Law:**  As instructed by the Court, the parties will provide, no later than June 10, 2024, any supplements to the Proposed Findings of Fact and Conclusions of Law that were submitted with the Joint Pretrial Order.  No additional Proposed Findings of Fact or Conclusions of Law or other briefing will be submitted after completion of the bench trial.  *See* May 28, 2024 Case Management Conference, 11:2–20.

b)    **Disclosures of and Objections to Witnesses, Demonstratives, and Exhibits:** The parties agree that the schedules set forth in the Joint Pretrial Order for disclosures and objections, which were followed for the jury trial, will also govern at the bench trial.  *See* D.I. 381. It is further the parties' agreement and understanding that documents admitted into evidence during the jury trial will be considered in evidence for purposes of the bench trial, and need not be re-admitted.  Further, it is the parties' understanding that they need not disclose, replay, or read into evidence, any testimony from the jury trial.  To the extent the parties wish to rely upon particular testimony from the jury trial for purposes of the bench trial, they should cite to such testimony in their supplemental Proposed Findings of Fact and Conclusions of Law, due on June 10.

Dated:  June 4, 2024

| | |
|---|---|
| /s/ Rodger D. Smith II | /s/ Emily S. DiBenedetto |
| Morris, Nichols, Arsht & Tunnell LLP | Shaw Keller LLP |
| Jack B. Blumenfeld (#1014) | Karen E. Keller (No. 4489) |
| Rodger D. Smith II (#3778) | Andrew E. Russell (No. 5382) |
| Megan E. Dellinger (#5739) | Nathan R. Hoeschen (No. 6232) |
| Travis J. Murray (#6882) | Emily S. DiBenedetto (No. 6779) |
| 1201 North Market Street | I.M. Pei Building |
| P.O. Box. 1347 | 1105 North Market Street, 12th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 298-0700 |
| jblumenfeld@morrisnichols.com | kkeller@shawkeller.com |
| rsmith@morrisnichols.com | arussell@shawkeller.com |
| mdellinger@morrisnichols.com | nhoeschen@shawkeller.com |
| tmurray@morrisnichols.com | edibenedetto@shawkeller.com |
| *Attorneys for Wyeth LLC* | *Attorneys for AstraZeneca Pharmaceuticals LP and AstraZeneca AB* |

OF COUNSEL:

Anthony M. Insogna
Meredith A. Stewart
Miguel A. Alvarez
Jones Day
4655 Executive Drive
Suite 1500
San Diego, CA 92121-3134
(858) 314-1200

Gasper J. LaRosa
Jones Day
250 Vesey Street
New York, NY 10281
(212) 326-3939

Jason G. Winchester
Bethany K. Biesenthal
Michelle B. Smit
Jeffrey S. Messing
Jones Day
110 N. Wacker, Suite 4800
Chicago, Illinois 60606
(312) 782-3939

OF COUNSEL:

Christopher N. Sipes
Einar Stole
Megan P. Keane
Eric R. Sonnenschein
Kaveh V. Saba
Pricilla Dodson
Alexander Trzeciak
Ashley Winkler
Melissa Keech
Tobias Ma
Elaine Nguyen
Robert T. McMullen
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexis Adian Smith
Jones Day
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071
(213) 243-1542

Jennifer Swize
Daniele San Román
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
(202) 879-3939

Sara T. Horton
Ren-How Harn
Henry C. Thomas
Willkie Farr & Gallagher LLP
300 North LaSalle
Chicago, IL 60654-3406
(312) 728-9040